**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

COMMONWEALTH LAND TITLE INSURANCE COMPANY,
Plaintiff,

v.

IDC PROPERTIES, INC.,
Defendant.

C.A. No. 01-400 T

**PLAINTIFF'S OBJECTION TO (1) MOTION FOR LEAVE TO SERVE THIRD–PARTY COMPLAINT, (2) MOTION FOR LEAVE TO SERVE AMENDED ANSWER AND COUNTERCLAIM, AND (3) MOTION FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY**

Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth"), through counsel, submits the following memorandum in opposition to Defendant IDC Properties, Inc.'s ("IDC") (1) Motion for Leave To Serve Third Party Complaint, (2) Motion for Leave to Serve Amended Answer and Counterclaim, and (3) Motion for Leave to Conduct Additional Discovery.

IDC's motion to add its former lawyer and law firm as third-party defendants should be denied on the grounds that adding third party legal malpractice claims to this insurance coverage dispute would confuse and complicate the issues to the prejudice of the existing parties. In addition, there appear to be substantial statute of limitations defenses to the proposed third-party claims, which may render them futile. If the third-party claims are nevertheless allowed, they should be severed and stayed pending a resolution of the coverage dispute. Should the court determine that coverage exists, the legal malpractice claims will be moot and any resources devoted to litigating them wasted.

IDC's motion to amend its answer and counterclaim should be denied in part. Affirmative defenses which could have been asserted in the original answer in 2001 should not be allowed. IDC's bad faith claim, which could have been asserted in 2001, is untimely and also futile because under Rhode Island law an insurer does not act in bad faith where its coverage position is reasonably debatable. In addition, IDC has never filed a proof of loss, a precondition to payment under the policy. Should the court decide to allow IDC to add new claims and to permit a jury trial on those claims, the jury claims should be deferred until after the non-jury coverage claims have been decided. Depending on how the coverage issues are decided, the jury claims may be moot.

IDC's motion to reopen discovery for an additional 180 days should be denied. IDC took discovery on Commonwealth's claims before the Court stayed this suit in 2003. Additional discovery should be deferred until after the coverage issues are decided. IDC has not identified any discovery relevant to coverage that it has not already been provided.

## BACKGROUND FACTS

This case involves a $12 million title insurance policy originally issued by Commonwealth to IDC in January 1998. The policy insured IDC's fee simple interest in certain parcels of land on Goat Island in Newport, as well as IDC's right to develop those parcels. IDC induced Commonwealth to issue the policy by concealing, *inter alia*, that claims adverse to IDC's rights had been asserted by a group of condominium owners on Goat Island; indeed, IDC signed a tolling agreement just eight days before the policy was issued in order to delay the filing of a complaint. The condominium owners did file suit against IDC in 1999, and in 2001 they won a judgment in Rhode Island Superior Court holding that the development rights insured by Commonwealth were void. After the Superior Court entered its judgment, Commonwealth filed

suit seeking a declaration that IDC's misrepresentation and concealment of material facts relieves Commonwealth of any obligation to indemnify IDC for its loss.

In 2003, discovery in this case was complete and the matter was ready for trial. At IDC's request, the case was stayed pending resolution of an appeal of the Superior Court's judgment. The Rhode Island Supreme Court eventually issued two opinions in that appeal, in March, 2004 and April, 2005. The second opinion concluded that IDC had never validly created certain development units on Goat Island, and that the units are common elements of the Goat Island condominium belonging to the condominium owners, not IDC.

**A. The Motion for Leave to File A Third Party Complaint Should Be Denied.**

The Court has broad discretion to grant or deny a motion to add a third-party defendant under Fed. R. Civ. P. 14:

> The Court should exercise its discretion to grant the motion if that will avoid duplicitous litigation. 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1443 (1990). However, the motion should be denied if the claims, when inserted into the case, will delay or disadvantage the existing action or if the third-party claims obviously lack merit. *See e.g. Karon Business Forms, Inc. v. Skandia Ins. Co.*, 80 F.R.D. 501, 505 (D.P.R. 1978).

*FDIC v. diStefano*, 839 F. Supp. 110, 120 (D.R.I. 1993). Fed. R. Civ. P. 14 also provides that "any party may move to strike the third-party claim, or for its severance or separate trial."

IDC's motion for leave to file a third party complaint should be denied because it will "delay or disadvantage the existing action." *FDIC v. diStefano, supra*. IDC seeks to add Edwards Angell Palmer & Dodge ("EAPD") and Attorney More to this action on the grounds that "if the Court determines that IDC may not collect on the Commonwealth policies, then More and EAPD will be liable to IDC." IDC Memorandum at 8. IDC could have asserted the same third party claims in 2001, when this suit was filed, but elected not to. Adding EAPD at this late stage in the litigation is prejudicial because it will cause delay and additional cost that will be completely unnecessary if the coverage issue is resolved in Commonwealth's favor.

Furthermore, Commonwealth's declaratory claim is non-jury, while the proposed legal malpractice claims are jury claims. Adding legal malpractice claims to a non-jury declaratory judgment action will greatly complicate the existing case and lead to additional confusion and expense.

IDC's motion to add third party defendants should also be denied because the claims have obvious statute of limitations problems. Fundamentally claims for attorney negligence, the three year statute of limitations for attorney malpractice would apply. R.I.G.L. § 9-1-14.3. Adding IDC's lawyers to this action would delay a trial on Commonwealth's 2001 declaratory relief action while the statute of limitations and other preliminary issues are litigated. Commonwealth should not have to bear the additional expense of defending and monitoring this side litigation before it gets to a decision on the core issue of coverage.

IDC is free to file a separate action against EAPD, but its motion for leave to add EAPD to this case should be denied. Alternatively, if the motion is granted, the claims against EAPD should be severed and stayed pending resolution of whether there is coverage under the Commonwealth policy.

**B. <u>The Motion for Leave To Amend Should Be Denied In Part.</u>**

IDC seeks leave to amend its answer and counterclaim. Fed. R. Civ. P. 15 provides that leave to amend "shall be freely given when justice so requires." However, a motion to amend may be denied in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Certain of the amendments requested by IDC should not be permitted. Specifically, IDC seeks to add affirmative defenses which could and should have been asserted

at the inception of this litigation. IDC's proposed fourth, fifth, sixth and seventh affirmative defenses, lack of causation, setoff, unclean hands and lack of intent to defraud, are not tied to the recent determination of the Rhode Island Supreme Court and should be stricken from the amended pleading. Commonwealth does not object to an amendment including the proposed first through third affirmative defenses.

Over four years after Commonwealth filed this lawsuit seeking a declaration of coverage, IDC also seeks to amend its counterclaim to allege bad faith. This proposed amendment should not be allowed as it is not only exceedingly tardy, but is also futile. "A motion to amend a complaint may be denied as futile if the 'complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Bond Opportunity Fund II v. Heffernan*, 340 F. Supp. 2d 146, 156 (D.R.I. 2004) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). "In determining whether a proposed amendment would be futile, a court applies the same standard as it would apply to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Id.*

IDC's bad faith claim is futile because, under Rhode Island law, it is not bad faith for an insurer to assert its legal rights under the policy. In *Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1010 (R.I. 2002), the Rhode Island Supreme Court recognized that an insurer has "the right to debate a claim that is fairly debatable." To show bad faith, a "plaintiff must demonstrate an absence of a reasonable basis in law or fact for denying the claim or an intentional or reckless failure to properly investigate the claim and subject the result to cognitive evaluation." *Id.* at 1012. The proposed amended counterclaim alleges no facts from which such a conclusion could be drawn. IDC alleges as bad faith that "[o]n and after August 21, 2001, Commonwealth has maintained the position that it is not obligated to make payment under the Policy by reason of the acts alleged in the Complaint." Proposed Amended Counterclaim ¶ 5. Merely alleging that an

insurer has filed for a declaration of the rights of the parties under an insurance policy is not enough to state a claim for bad faith under Rhode Island law.

Until IDC's new counsel filed the recent motions, IDC had never suggested that Commonwealth acted in bad faith. Indeed, IDC has never even filed a proof of loss, the first step in making a formal claim against the policy. Complaint Ex. C, ¶ 5 ("In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss signed and sworn to by the insured claimant shall be furnished to the Company within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage.").[1] As discussed at the conference with the Court on September 20, 2005, the parties had been working toward a two-stage proceeding in which the issue of coverage would be resolved first and loss or damages resolved later only if necessary. The court should deny IDC's motion to add untimely and conclusory allegations of bad faith, and proceed to resolve the coverage issue that is the core of this case as planned. *See Skaling*, 799 A.2d at 1004 (bad faith claim must be severed from breach of contract claim and no action in bad faith can lie unless and until insured has proven a breach of the insurance contract) (citing *Bartlett v. John Hancock Mutual Life Ins. Co.*, 538 A.2d 997, 1000 (R.I. 1988).

IDC's motion to have the coverage issue tried to a jury should also be denied. IDC did not preserve any jury rights when it filed its original answer in 2001, and there is no compelling reason to try the coverage issue to a jury today. Bifurcating this case into a non-jury phase addressing coverage, followed by a jury phase addressing any remaining issues makes great sense because IDC's damages claims only arise if there is a determination that coverage exists, while its third-party legal malpractice claims only arise if there is none. Furthermore,

---

1 Without waiving any of its rights, Commonwealth extended the time for IDC to file a proof of loss until 90 days after a final decision by the Rhode Island Supreme Court in the underlying case. IDC did not file a proof of loss within the extended time period.

there is little commonality between these potential jury claims and Commonwealth's claim for a declaration that there is no coverage under the title policy.

C. **Unspecified Additional Discovery Should be Denied.**

IDC seeks a delay of 180 days to take additional discovery. The discovery IDC intends to take is not specified, despite the fact that IDC had six weeks after the parties met with the Court in chambers to develop a list of specific requests. IDC says only that it needs "whatever other limited discovery may be necessary to assert its claims, including without limitation inquiring into the drafting history relative to policy exclusions and the like." IDC Motion for Leave to Conduct Certain Additional Discovery, at 4.

It is not at all clear that additional discovery is needed for IDC to prepare for trial. There is no claim in this case that any policy provision is ambiguous. Thus there is no need to take discovery into the drafting history of the relevant title policy. IDC has already taken discovery into Commonwealth's coverage claims. Commonwealth has turned over the underwriting files for IDC's title insurance policies, and IDC has deposed Commonwealth's underwriter. Commonwealth has deposed Attorney More, and has also deposed the title attorney for Chicago Title, which declined to issue title coverage because it knew of the title-related claims that were not disclosed to Commonwealth.

IDC suggests that additional discovery is warranted by the Rhode Island Supreme Court's 2005 opinion in the underlying case. Yet the Supreme Court's 2005 reasoning in divesting IDC of the Regatta Club has not changed any of the facts surrounding IDC's failure to

disclose existing title-related claims to IDC in 1997 and 1998.[2] Had those claims been disclosed, Commonwealth would not have issued a title policy to IDC in the first place. IDC has already taken discovery into those facts. Its request for unspecified additional discovery should be denied.

COMMONWEALTH LAND TITLE
INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: November 14, 2005

2 IDC's original answer describes the claims raised by the condominium owners in the underlying litigation as including:

> (a) the status of IDC's "title" to the units it owns; (b) the status of IDC's voting rights in the Goat Island South Condominium Association; (c) the status of various amendments to the Declaration of the Goat Island South Condominium (d) the status of IDC's right to construct buildings on its units; and (e) the status of IDC's right as successor declarant to exercise development rights and special declarant rights under the Declaration of the Goat Island South Condominium and various amendments thereto.

IDC Answer, ¶ 5 (emphasis added). Accordingly, IDC has admitted that title, as well as development rights, were an issue from the outset.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFF'S OBJECTION TO (1) MOTION FOR LEAVE TO SERVE THIRD-PARTY COMPLAINT, (2) MOTION FOR LEAVE TO SERVE AMENDED ANSWER AND COUNTERCLAIM, AND (3) MOTION FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY was mailed, postage prepaid, on this 14th day of November, 2005 to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
FERRUCCI RUSSO P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Peter J. Haley, Esq.
GORDON HALEY LLP
101 Federal Street
Boston, MA 02110

827114_1/6052-3