UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, Plaintiff, v. IDC PROPERTIES, INC., Defendant. | Civil Action No. 01-400 T |

MOTION OF DEFENDANT IDC PROPERTIES, INC.
FOR RECONSIDERATION OF ORDER DENYING ADDITIONAL DISCOVERY

The Defendant IDC Properties, Inc. ("IDC") moves the Court to reconsider its Order of December 2, 2005 (entered December 6, 2005) denying IDC's motion for leave to conduct additional discovery. In support of its motion, IDC states the following:

1. On October 31, 2005, IDC filed three (3) motions, and an accompanying memorandum addressing each motion, seeking leave to; 1) amend its answer by adding a counterclaim, demand for trial by jury and certain affirmative defenses; 2) by adding a third party complaint against its counsel Edwards & Angell who procured the title insurance which is the subject of this action; and 3) to conduct certain additional discovery (the "Discovery Motion").

2. On November 23 , 2005 the Court set a hearing for February 24, 2006.[1]

3. On December 6, 2005, the Court entered an Order denying the Discovery Motion on the grounds that the motion failed to state with specificity the discovery sought and why it

[1] The hearing notice states "Hearing on Defendant's Motion for Leave to Serve 3rd Party Complaint and Motion for Leave to Serve A" (sic).

was necessary in light of the decision of the Rhode Island Supreme Court in America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

4. The Memorandum Of Law Of Defendant IDC Properties, Inc. In Support Of 1) Motion For Leave To Conduct Certain Additional Discovery; 2) Motion For Leave To Serve Third Party Complaint; And 3) Motion For Leave To Serve Amended Answer And Counterclaim (the "Memorandum") discusses the decision in *America Condominium II* at pages 5-7 and in the context of the motion to add additional third party discovery states the following:

> IDC's motion to add a third party complaint will necessitate an additional period of discovery in this matter. Regardless of the outcome of that motion, however, the facts of this matter have been dramatically altered by the decisions in *America Condominium I* and *America Condominium II* and IDC should be afforded the opportunity to examine witnesses in light of those decisions and to engage expert witnesses and interview other witnesses who may assist the trier of fact in deciding this matter. The crux of the Complaint and the focus of discovery to date has been centered on the validity of the Third, Fourth and Fifth Amendments to the GIS condominium declaration. As it turns out, and as the Rhode Island Supreme Court made clear in *America Condominium II*, those arguments and positions are entirely beside the point. Regardless of the challenges to the Third, Fourth and Fifth Amendments, the underlying interest of IDC in the property described as parcels 1,4 and 5 never existed, as it was never validly created in 1988. This fact was not asserted by any party until the Rhode Island Supreme Court issued its decision on April 8, 2005. The facts relied upon by the Rhode Island Supreme Court were all a matter of public record and were all evident at all times on and after January 3, 1988. Commonwealth's apparently continuing attempts to avoid payment under the policy are akin to the allegation that a hypothetical title insured homeowner never disclosed a dispute with a neighbor over a fence boundary, the adjudication of which results in the discovery that the homeowner's deed to his home was never recorded. The ultimate loss now realized by IDC was completely unrelated to the efficacy of the Third, Fourth and Fifth Amendments. IDC never held valid title to parcels 1, 4 and 5 to start with. The defects which caused the loss were not defects which IDC created, suffered or assumed.

Memorandum, p 11.

5. IDC's request for additional discovery is necessarily tied in part to the Court's action on its motion to amend its answer and counterclaim and its motion for leave to add a third party.

6. The specific discovery of the Plaintiff that IDC seeks as it relates to the decision in *America Condominium II* is attached hereto as Exhibit A in the form of a proposed Rule 30(b)(6) deposition notice *duces tecum.*[2]

7. The district courts are necessarily afforded substantial discretion in ruling on motions for reconsideration. Serrano-Perez v. FMC Corp., 985 F.2d 625 (1st Cir. 1993) (citations omitted).

8. IDC seeks to promptly address its initial failure to provide the specificity required by the Court in the context of the discovery motion. By attaching the proposed discovery to its motion, IDC aims to eliminate any ambiguity in its initial request.

9. In its response to IDC's motions the Plaintiff relies upon Skaling v. Aetna Ins. Co., 799 A.2d 997 (R.I. 2002). In Skaling the Rhode Island Supreme Court recognized that an insurer has an obligation to investigate a claim and submit the results of that investigation to a "cognitive evaluation." Id. at 1011. IDC seeks to discover the "cognitive evaluation" of its claim by the Plaintiff on and after April 8, 2005, the date of the decision in *America Condominium II.*

10. In this action, commenced on August 24, 2001, and in the depositions conducted almost three years ago, in January of 2003, the Plaintiff Commonwealth, assumed that any loss of title which might be suffered by IDC would result from its alleged failure to properly and effectively extend its development rights by December of 1994. In *America Condominium II* the

[2] As the proposed deponent is a party, absent contrary order, it will be entitled to thirty (30) days to produce the documents requested.

Rhode Island Supreme Court determined that, to the contrary, at the time IDC's predecessor in title, Globe Manufacturing Co. ("Globe"), created the condominium in 1988, it never effectively had any title to transfer to IDC and, since Globe owned nothing since 1988, IDC never acquired title to the insured parcel at any time. The Plaintiff Commonwealth should be required to submit to discovery to disclose its evaluation of these findings after April 8, 2005 and to explain why it continues to rely upon an alleged failure to disclose a side issue now made irrelevant by the now controlling decision of the Rhode Island Supreme Court in *America Condominium II.*

Wherefore, IDC Properties, Inc., prays that the Court reconsider its Order entered December 6, 2005 denying additional discovery and permit IDC to conduct only the discovery attached hereto as Exhibit A (consisting of one deposition, with document production, from the Plaintiff on the specific issues raised by the most recent decision of the Rhode Island Supreme Court), subject to any further rulings on the other pending motions, and that the Court grant such other and further relief as is just.

IDC PROPERTIES, INC., Defendant

By its attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: December 7, 2005

Of Counsel:

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
**Gordon Haley LLP**
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

**CERTIFICATION-+**

I hereby certify that on this 7th day of December, 2005, I served a true and accurate copy of the foregoing upon the following via first-class, postage prepaid mail.

Steven E. Snow, Esq.
**Partridge Snow & Hahn**
180 South Main Street
Providence, RI 02903-7120

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br><br>Defendant. | ) | Civil Action No. 01-400 T |

NOTICE OF DEPOSITION
(Commonwealth Land Title Insurance Company)

To: Robert K. Taylor
Partridge, Snow & Hahn
180 South Main Street
Providence, Rhode Island 02903

PLEASE TAKE NOTICE that on ____________________ at the offices of Ferrucci Russo, P.C. 55 Pine Street, Providence, Rhode Island, the Defendant, IDC Properties, Inc. by and through its counsel will take the deposition upon oral examination of Commonwealth Land Title Insurance Company, pursuant to Rule 30 of the Federal Rules of Civil Procedure before a notary public, in and for the State of Rhode Island, or before some other officer authorized by law to administer oaths. The deponent is required to produce for inspection and copying those documents identified on Exhibit A attached hereto. The deponent is required to designate a person or persons to testify on its behalf regarding the subjects described on

Exhibit B. The deposition will continue from day to day until completed.

IDC PROPERTIES, INC., Defendant

By its attorneys,

______________________________

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: ___________, 2005

Of Counsel:

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
**Gordon Haley LLP**
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

Dated: October 31, 2005

**CERTIFICATION-+**

I hereby certify that on this ___ day of December, 2005, I served a true and accurate copy of the foregoing upon the following via first-class, postage prepaid mail.

Steven E. Snow, Esq.
**Partridge Snow & Hahn**
180 South Main Street
Providence, RI 02903-7120

______________________________

# EXHIBIT A

1. All documents which constitute, concern, refer or relate to the evaluation of the claim of IDC Properties, Inc. ("IDC") following the decisions of the Rhode Island Supreme Court reported in America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), and America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

2. All documents which constitute, concern, refer or relate to any communications concerning the decisions, or the facts or statements of law underlying, and/or set forth in, those decisions, reported in America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), and America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

# EXHIBIT B

1. The evaluation of the claim of IDC Properties, Inc. following the decisions of the Rhode Island Supreme Court reported in America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), and America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*)..

2. Any communications concerning the decisions, or the facts or statements of law underlying, and/or set forth in, those decisions, reported in America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), and America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

3. The documents produced in response to the requests set forth on Exhibit A.