UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br><br>Defendant. | Civil Action No. 01-400 T |

FIRST AMENDED ANSWER AND COUNTERCLAIM
OF IDC PROPERTIES, INC.
AND DEMAND FOR TRIAL BY JURY

The Defendant and Plaintiff in Counterclaim, IDC Properties, Inc. ("IDC"), for its first amended answer and counterclaim in this proceeding, responds to each numbered paragraph of the Complaint for Declaratory Judgment, and states as follows:

1. IDC admits, upon information and belief, the allegations of Paragraph 1.

2. IDC admits the allegations of Paragraph 2.

3. The allegations of Paragraph 3 state a conclusion of law and do not require a response.

4. IDC responds to the allegations of Paragraph 4 by stating the documents attached to the Plaintiff's Complaint as Exhibit A and B speak for themselves, and by denying each and every other attribute to the documents other than those set forth therein. IDC answers further by admitting that Timothy More was IDC's legal counsel at the time.

5. IDC is without sufficient information and knowledge necessary to form a belief as to the truth of the allegations of Paragraph 5. IDC answers further by stating that the document

attached as Exhibit C speaks for itself and by denying each and every other attribute to the document other than that as set forth in Exhibit C.

6. IDC responds to the allegations of Paragraph 6 by stating that the document attached as Exhibit D speaks for itself and by denying each and every other attribute to Exhibit D other than as set forth therein. IDC answers further by admitting that Timothy More was counsel to IDC at the time.

7. IDC responds to the allegations of Paragraph 7 by admitting that the litigation referred to in Paragraph 7 was commenced in May, 1999 and that it thereafter gave notice of the commencement of the litigation to the Plaintiff. IDC denies each and every other allegation of Paragraph 7.

8. IDC responds to the allegations of Paragraph 8 by stating that the pleadings in the litigation speak for themselves and by denying each and every other allegation of Paragraph 8.

9. IDC responds to the allegations of Paragraph 9 by stating the document attached thereto as Exhibit E speaks for itself and by denying each and every other attribute to the document other than as set forth on Exhibit E.

10. IDC responds to the allegations of Paragraph 10 by stating the document speaks for itself.

11. IDC responds to the allegations of Paragraph 11 by stating the document speaks for itself.

12. IDC is without sufficient information and knowledge necessary to form a belief as to the truth of the allegations of Paragraph 12.

13. IDC responds to the allegations of Paragraph 13 by incorporating by reference its response to Paragraphs 1 through 12 above as if set forth fully herein.

14. IDC denies the allegations of Paragraph 14.

15. IDC responds to the allegations of Paragraph 15 by incorporating by reference as if fully set forth herein its response to Paragraphs 1 through 14 above.

16. IDC denies the allegations of Paragraph 16.

17. IDC responds to the allegations of Paragraph 17 by incorporating by reference its response to Paragraphs 1 through 14 (sic) above as if fully set forth herein.

18. IDC denies the allegations of Paragraph 18.

19. IDC denies the allegations of Paragraph 19.

20. IDC responds to the allegations of Paragraph 20 by incorporating by reference its response to Paragraphs 1 through 19 above as if fully set forth herein.

21. IDC denies the allegations of Paragraph 21.

First Affirmative Defense – Failure to State a Claim Upon Which Relief Can be Granted

The Plaintiff fails to state a claim upon which relief can be granted.

Second Affirmative Defense – Waiver

The claims of the Plaintiff are barred by the Doctrine of Waiver.

Third Affirmative Defense – Estoppel

The claims of the Plaintiff are barred by the Doctrine of Estoppel.

Wherefore, the Defendant IDC Properties, Inc. prays that the Court dismiss the Complaint against it and award it costs, attorney's fees and such other and further relief as the Court may deem just.

**DEFENDANT, IDC PROPERTIES, INC., DEMANDS TRIAL BY JURY ON ALL CLAIMS OF THE PLAINTIFF.**

FIRST AMENDED COUNTERCLAIM
AND DEMAND FOR TRIAL BY JURY

For its First Amended Counterclaim in this proceeding, the Defendant and Plaintiff in Counterclaim IDC Properties, Inc. ("IDC") states the following:

1. IDC is a Rhode Island corporation having a usual place of business at Newport, Rhode Island.

2. Defendant in Counterclaim, Commonwealth Land Title Insurance Company ("Commonwealth"), is, upon information and belief, a Pennsylvania corporation having a usual place of business in Rhode Island and is the Plaintiff in the Complaint in this action.

3. Commonwealth issued to, and for the benefit of, IDC an insurance policy identified as Commonwealth Policy No. 228716, effective as of January 13, 1998 and amended by an endorsement effective February 11, 1999 (the "Policy").

4. IDC is the insured under that Policy. The Policy insures the interests of IDC in fee simple for the property defined in the Policy and its endorsement as Parcel 1, Parcel 2, Parcel 3, Parcel 4, and Parcel 5.

5. On or about August 21, 2001, Commonwealth commenced this action seeking a declaration that it was not liable to IDC for payment under the terms of the Policy. On and after August 21, 2001, Commonwealth has maintained the position that it is not obligated to make payment under the Policy by reason of the acts alleged in the Complaint.

6. On April 8, 2005, the Rhode Island Supreme Court issued a decision determining that IDC, and its predecessors in interest, on and after January 13, 1998 never held valid title to the parcels insured by the Policy as Parcels 1, Parcel 4 and Parcel 5.

7. IDC is entitled to payment under the terms of the Policy. The decision of the Rhode Island Supreme Court dated April 8, 2005 conclusively determines that IDC has been divested of title in fee simple to Parcel 1, Parcel 4 and Parcel 5 which interests were insured by Commonwealth in the amount of $12 million.

8. The value of the property exceeds the amount of the insurance as defined in the Policy. IDC has made demand for payment.

9. In accordance with the terms of the Policy, IDC has taken any and all other steps necessary to cause payment to issue.

COUNT I
Bad Faith

10. IDC realleges and incorporates by reference herein Paragraphs 1 through 9 above.

11. Commonwealth's actions in failing to make payment under the terms of the Policy on and after April 8, 2005, and by seeking to interpose as a defense its alleged lack of awareness of alleged disputes concerning the efficacy of the Third, Fourth and Fifth Amendments to the GIS master condominium declaration, all as more particularly set forth above, constitute acts of bad faith.

12. On May 29, 1999, the condominium associations of America Condominium, Capella South Condominium and Harbor House Condominium, (collectively the "Condominium Associations") commenced an action against IDC challenging the effectiveness of the Third, Fourth and Fifth Amendments to the GIS condominium master declaration. (the "State Court Litigation").

13. On June 13, 2001 the Rhode Island Superior Court in and for the County of Newport (the "Superior Court") entered a judgment on the parties' cross motions for partial

summary judgment determining that the Third, Fourth and Fifth Amendments were null and void by reason, amongst other things, of the failure to solicit the votes of the individual condominium unit owners. The Superior Court entered an Order declaring the amendments null and void, declaring IDC's "right to develop Goat Island" as "expired" and declaring that the Master Association was without right to act in behalf of the "unit owners." Both IDC and the Condominium Associations pursued cross appeals to the Rhode Island Supreme Court seeking to determine the status of the title to the South, West and North Units.

14. On August 24, 2001, the Plaintiff here, Commonwealth, commenced this action for a declaratory judgment. The gravamen of the Plaintiff's complaint is that IDC had not informed it about a dispute with the Condominium Associations which implicated the efficacy of the Third, Fourth and Fifth Amendments.

15. On March 23, 2004, the Rhode Island Supreme Court issued a 51 page opinion in the State Court Litigation making new determinations about the ownership of the Property.

16. The Supreme Court subsequently granted the Defendant's petition for re-argument and, on April 8, 2005, issued a second opinion. The Supreme Court, determined, quite apart from the dispute over the Third, Fourth and Fifth Amendments that the original creation of the North, West, South Units was not in compliance with the Rhode Island Condominium Act and that those units never came into existence and IDC, and its predecessors, never held title to the units at any time.

17. Despite these findings, Commonwealth has continued to refuse to make payment under the Policy.

18. IDC has been damaged by the bad faith of Commonwealth and by its failure to make payment under the Policy.

COUNT II
Declaratory Judgment

19. IDC incorporates by reference and realleges herein Paragraph 1 through 18 above.

20. IDC seeks a declaration in accordance with 28 U.S.C. §1332 that Commonwealth is obligated to make payment under the terms of the Policy.

Wherefore, IDC Properties, Inc. demands judgment against Commonwealth as follows:

1. On Count I, that the Court determine the damages suffered by IDC, enter judgment in that amount, plus interest, costs and attorney's fees;

2. On Count II, that the Court issue an order declaring the Commonwealth is liable to IDC for payment under the terms of the Policy; and

3. That the Court grant such other and further relief as is just.

**PLAINTIFF IN COUNTERCLAIM, IDC PROPERTIES, INC. ,DEMANDS TRIAL BY JURY ON ALL CLAIMS.**

IDC PROPERTIES, INC., Defendant

By its attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: March 27, 2006

Of Counsel:

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
**Gordon Haley LLP**
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

**Certification**

I hereby certify that on this ~~27~~ 28th day of March, 2006, I served a true and accurate copy of the foregoing upon the following via first-class, postage prepaid mail.

Steven E. Snow, Esq.
**Partridge Snow & Hahn**
180 South Main Street
Providence, RI 02903-7120

[signature]