UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br>Defendant and Third Party Plaintiff<br><br>v.<br><br>TIMOTHY MORE, and<br>EDWARDS ANGELL PALMER DODGE LLP<br>Third Party Defendants. | Civil Action No. 01-400 T<br><br>THIRD PARTY COMPLAINT and DEMAND FOR TRIAL BY JURY |

The Defendant and Third Party Plaintiff, IDC Properties, Inc. ("IDC"), for its Third Party Complaint in this matter states the following:

Parties

1. The Third Party Plaintiff, IDC Properties, Inc. ("IDC"), is a Rhode Island corporation with a usual place of business at Newport, Rhode Island.

2. The Third Party Defendant, Timothy More ("More"), is an individual registered to practice law in the State of Rhode Island, and was formerly a member of the Defendant Edwards & Angell LLP.

3. The Third Party Defendant, Edwards Angell Palmer Dodge LLP ("Edwards & Angell"), is the successor by merger to Edwards & Angell LLP, a limited liability partnership

organized under the laws of Rhode Island with a usual place of business at Providence, Rhode Island.

Facts

4. In 1994, IDC acquired title to several parcels of land located on Goat Island in Newport, Rhode Island. (the "Property")

5. The Property included three parcels which were designated as so-called Master Units of a Rhode Island master condominium declaration. These parcels came to be identified as the South Unit, the West Unit and the North Unit.

6. From 1994 through 2005, Edwards & Angell continued to provide legal services to one or more of Thomas Roos, IDC or affiliates of IDC.

7. More and Edwards & Angell represented IDC in connection with various disputes with the America Condominium Association, Inc., Goat Island South Condominium Association, Capella South Condominium Association and Harbor Houses Condominium Association, Inc. (collectively the "Condominium Associations")

8. More and Edwards &Angell on one or more occasions provided IDC with written opinions and assurances that IDC held good title to all of the Property and would be free to develop the Property.

9. In late 1997, IDC was making plans to commence development on the North Unit.

10. In connection with these efforts, IDC engaged More and Edwards & Angell to procure, to obtain with particular care and effort, title insurance for the Property. More contacted the Plaintiff, Commonwealth Land Title Insurance Company ("Commonwealth"), and arranged for title insurance to issue in the amount of $7 million through a policy dated January 13, 1998.

11. Subsequently, as a result of IDC's increased development activity and the increasing value of the Property, IDC requested that More arrange for $12 million of title insurance and to include the South and West Units in the policy. More and Edwards & Angell thereafter procured from Plaintiff a policy endorsement dated February 11, 1999 increasing the amount of title insurance to $12 million (the underlying policy and the subsequent endorsement hereinafter referred to in the aggregate as the "Policy").

12. All communications, correspondence, invoices and transmission of the Policy took place between More and the Plaintiff, Commonwealth.

13. IDC and its officers and employees had no active role in procuring the Policy

14. On and after the issuance of the Policy, IDC acted in reliance upon the existence of the Policy and the $12 million coverage provided by the Policy.

15. The Plaintiff Commonwealth seeks a determination that IDC is not entitled to coverage under the Policy.

Count I
Indemnification

16. IDC, the Third Party Plaintiff, repeats and realleges Paragraphs 1 through 15 as set forth above.

17. If the Court determines that IDC is not entitled to coverage under the Policy because of the conduct of More and Edwards & Angell in procuring the Policy, IDC is entitled to be indemnified and held harmless by More and Edwards & Angell by reason of their wrongful conduct resulting in the loss of the $12 million which would have been provided by the Policy, but for the wrongful conduct of More and Edwards & Angell.

Count II
Breach of Fiduciary Duty

18. IDC, the Third Party Plaintiff, repeats and realleges Paragraphs 1 through 17 as set forth above.

19. More and Edwards & Angell owed a fiduciary duty to IDC arising out of their role in procuring the title insurance Policy for the Property and as counsel to IDC.

20. IDC relied upon More and Edwards & Angell to procure the title insurance Policy and to take all necessary steps, make all appropriate disclosures and to take any and all other action necessary to the issuance of a valid title insurance policy on the Property in the amount of $12 million.

21. More and Edwards Angell were aware that IDC was relying upon them to procure title insurance and to take all necessary steps, make all appropriate disclosures and to take any and all other action necessary to the issuance of a valid title insurance policy on the Property in the amount of $12 million.

22. If the Court determines that IDC is not entitled to coverage under the Policy because of the conduct of More and Edwards & Angell in procuring the Policy, More and Edwards & Angell will have breached their fiduciary duty to IDC.

23. IDC will have suffered damages as a direct and proximate result of the breach of fiduciary duty by More and Edwards & Angell.

Count III
Breach of Contract

24. IDC, the Third Party Plaintiff, repeats and realleges Paragraphs 1 through 23 as set forth above.

25. IDC entered into a contract with More and Edwards & Angell to procure good

and valid title insurance for the Property.

26. IDC agreed to, and did, remit to More and Edwards & Angell all amounts necessary to obtain the Policy and to compensate More and Edwards & Angell for doing so.

27. Edwards & Angell and More agreed to procure title insurance and to take all necessary steps, make all appropriate disclosures and to take any and all other action necessary to the issuance of a valid title insurance policy on the Property in the amount of $12 million.

28. If the Court determines that IDC is not entitled to coverage under the Policy, More and Edwards & Angell will have breached their contract with IDC.

29. IDC will have suffered damages as a direct result of the breach of contract by More and Edwards & Angell.

Count IV
Negligence- Legal Malpractice

30. IDC, the Third Party Plaintiff, repeats and realleges Paragraphs 1 through 29 as set forth above.

31. More and Edwards & Angell acted as counsel to IDC in procuring the title insurance Policy for the Property.

32. If the Court determines that IDC is not entitled to coverage under the Policy , More and Edwards & Angell will have failed to exercise reasonable care and diligence in providing their services.

33. If the Court determines that IDC is not entitled to coverage under the Policy, IDC will have suffered a loss in the amount of the Policy as a direct and proximate result of the negligence of More and Edwards & Angell,.

Wherefore, IDC Properties, Inc., the Third Party Plaintiff, prays that:

1. On Count I, that the Court determine the damages suffered by the Third Party

Plaintiff, enter judgment in that amount, plus interest and costs;

2. On Count II, that the Court determine the damages suffered by the Third Party Plaintiff, enter judgment in that amount, plus interest and costs;

3. On Count III, that the Court determine the damages suffered by the Third Party Plaintiff, enter judgment in that amount, plus interest and costs;

4. On Count IV, that the Court determine the damages suffered by the Third Party Plaintiff, enter judgment in that amount, plus interest and costs; and

5. That the Court the grant such other and further relief as is just.

**PLAINTIFFS DEMAND TRIAL BY JURY**

IDC PROPERTIES, INC., Defendant

By its attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: March 27, 2006

Of Counsel:

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

**Certification**

I hereby certify that on this ~~27th~~ 28th day of March, 2006, I served a true and accurate copy of the foregoing upon the following via first-class, postage prepaid mail.

Steven E. Snow, Esq.
Partridge Snow & Hahn
180 South Main Street
Providence, RI 02903-7120

[signature]