# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br>Defendant. | C.A. No. 01-400/T |

## REPLY TO FIRST AMENDED COUNTERCLAIM OF IDC PROPERTIES, INC.

Plaintiff, Commonwealth Land Title Insurance Company ("Commonwealth"), by its undersigned attorneys, replies to the enumerated paragraphs of the First Amended Counterclaim of IDC Properties, Inc. ("IDC") as follows:

1. Admitted.

2. Admitted.

3. Commonwealth admits that it issued Policy No. 228716, effective as of January 13, 1998, and states that the Policy speaks for itself. Commonwealth otherwise denies the allegations of Paragraph 3.

4. Commonwealth admits that IDC is named in the Policy as an insured, and states that the Policy speaks for itself. Commonwealth otherwise denies the allegations of Paragraph 4.

5. Admitted.

6. Commonwealth admits that the Rhode Island Supreme Court issued an opinion on April 8, 2005 in *America Condominium v. IDC Properties, Inc.*, Case No. 2001-469-

A (the "Litigation"), and states that the opinion speaks for itself. Commonwealth otherwise denies the allegations of Paragraph 6.

7. Denied.

8. Denied.

9. Denied.

**COUNT I – Bad Faith**

10. Commonwealth realleges and incorporates by reference Paragraphs 1 through 9 above as if set forth in full herein.

11. Denied.

12. Commonwealth admits that on or about May 29, 1999, the Condominium Associations commenced the Litigation by filing a complaint against IDC in Rhode Island Superior Court, and states that the complaint speaks for itself. Commonwealth otherwise denies the allegations of Paragraph 12.

13. Commonwealth admits that the Superior Court entered a partial judgment in the Litigation on or about June 13, 2001, and states that the partial judgment speaks for itself. Commonwealth further admits that the parties to the Litigation filed cross-appeals of the partial judgment, and states that the appeals speak for themselves. Commonwealth otherwise denies the allegations of Paragraph 13.

14. Commonwealth admits that it filed a complaint against IDC on or about August 24, 2001, and states that the complaint speaks for itself. Commonwealth otherwise denies the allegations of Paragraph 14.

15. Commonwealth admits that the Rhode Island Supreme Court issued an opinion in the Litigation on or about March 23, 2004, and states that the opinion speaks for itself. Commonwealth otherwise denies the allegations of Paragraph 15.

16. Commonwealth admits that the Rhode Island Supreme Court issued a second opinion in the Litigation on or about April 8, 2005, and states that the opinion speaks for itself. Commonwealth otherwise denies the allegations of Paragraph 16.

17. Commonwealth admits that it has made no payment to IDC under the Policy. Commonwealth otherwise denies the allegations of Paragraph 17.

18. Denied.

**COUNT II – Declaratory Judgment**

19. Commonwealth realleges and incorporates by reference Paragraphs 1 through 18 above as if set forth in full herein.

20. Denied.

**FIRST AFFIRMATIVE DEFENSE**

IDC's counterclaim fails to state a bad faith claim.

**SECOND AFFIRMATIVE DEFENSE**

IDC's claims are barred by specific exclusions contained in the Policy.

**THIRD AFFIRMATIVE DEFENSE**

IDC'S claims are barred by the doctrines of estoppel, waiver and/or assumption of the risk.

**FOURTH AFFIRMATIVE DEFENSE**

IDC'S claims are barred due to fraud and misrepresentation as more particularly described in Commonwealth's Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

IDC'S claims are barred by the known loss doctrine.

**SIXTH AFFIRMATIVE DEFENSE**

IDC's claims are barred by the doctrines of res judicata, collateral estoppel and/or judicial estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

IDC's claims are barred by its failure to meet a condition precedent under the Policy, the timely filing of a proof of claim.

**EIGHTH AFFIRMATIVE DEFENSE**

IDC has failed to mitigate its damages.

WHEREFORE, Commonwealth demands judgment against IDC dismissing the counterclaim, and awarding it costs, attorney's fees, and such other relief as may be granted by the Court.

COMMONWEALTH TITLE INSURANCE COMPANY

By its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903-7120
(401) 861-8200
(401) 861-8210 FAX

DATED: April 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing REPLY TO FIRST AMENDED COUNTERCLAIM OF IDC PROPERTIES, INC. was mailed, postage prepaid, on this 10th day of April, 2006 to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

Deming E. Sherman, Esq.
Edwards Angell Palmer & Dodge LLP
Suite 2800
One Financial Plaza
Providence, RI 02903-2499

______________________________

850046_1/6052-3