**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

COMMONWEALTH LAND TITLE INSURANCE COMPANY,

Plaintiff,

v.

IDC PROPERTIES, INC.,

Defendant and Third Party Plaintiff,

v.

TIMOTHY MORE and EDWARDS ANGELL PALMER & DODGE LLP,

Third Party Defendants.

Case No. 01-400T

**ANSWER OF EDWARDS ANGELL PALMER & DODGE LLP AND TIMOTHY MORE**

Third Party Defendants Edwards Angell Palmer & Dodge LLP ("Edwards & Angell") and Timothy More ("More") (collectively, "Defendants") hereby respond to the individually numbered paragraphs contained in Third Party Plaintiff IDC Properties, Inc.'s ("IDC's") Third Party Complaint. Unless an allegation is specifically admitted, Defendants deny that allegation.

1. Defendants lack sufficient knowledge or information to admit the allegations in Paragraph 1; therefore, denied.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3 except that Edwards & Angell denies that it is a Rhode Island limited partnership and affirmatively states that it is a Delaware limited partnership.

4. Defendants lack sufficient knowledge or information to admit the allegations in Paragraph 4; therefore, denied.

5. Defendants lack sufficient knowledge or information to admit the allegations in Paragraph 5; therefore, denied.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7 and affirmatively state that there were several law firms that represented IDC.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants lack sufficient knowledge or information to admit the allegations in Paragraph 9; therefore, denied.

10. Defendants admit that, in late 1997, IDC requested More and Edwards & Angell to procure title insurance for the North Development Unit. No response is required to the allegations in Paragraph 10 that purport to construe a policy dated January 13, 1998. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit that IDC requested More to increase the title insurance on the North Development Unit to $12 million and to include the South and West Development Units in the policy. Defendants lack sufficient knowledge or information to admit the

remaining allegations in the first sentence of Paragraph 11. Defendants admit that they procured additional title insurance requested by IDC. No response is required to the allegations in Paragraph 11 which purport to construe a policy dated February 11, 1999.

12. Defendants lack sufficient knowledge or information to admit the allegations in Paragraph 12; therefore, denied.

13. Defendants deny the allegations in Paragraph 13.

14. Paragraph 14 contains conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 contains a request for relief, to which no response is required.

COUNT I

16. Defendants repeat their responses to the allegations in Paragraphs 1 through 15 as if fully set forth herein.

17. Defendants deny that they engaged in wrongful conduct or that their conduct resulted in the loss of $12 million. The remaining allegations in paragraph 17 are legal conclusions or requests for relief, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 17.

COUNT II

18. Defendants repeat their responses to the allegations in Paragraphs 1 through 17 as if fully set forth herein.

19. Paragraph 19 contains conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20. Paragraph 20 contains conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. Paragraph 21 contains conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22. Defendants deny that they breached any duty to IDC. The remaining allegations in Paragraph 22 contain conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

COUNT III

24. Defendants repeat their responses to the allegations in Paragraphs 1 through 23 as if fully set forth herein.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants admit that IDC reimbursed costs and fees for work Defendants performed on its behalf. Defendants otherwise deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny that they breached a contract with IDC. The remaining allegations in Paragraph 28 contain conclusions of law, to which no response is required.

To the extent a response is required, Defendants deny the remaining allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

COUNT IV

30. Defendants repeat their responses to the allegations in Paragraphs 1 through 29 as if fully set forth herein.

31. Defendants admit that they acted as counsel to IDC and that IDC requested them to assist it in obtaining title insurance. Defendants otherwise deny the allegations in Paragraph 31.

32. Defendants deny that they failed to exercise reasonable care and diligence. The remaining allegations in Paragraph 32 contain conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 32.

33. Defendants deny that they were negligent or that their action proximately caused IDC loss. The remaining allegations in Paragraph 33 contain conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 33.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which the Court can grant relief.

SECOND AFFIRMATIVE DEFENSE

IDC's claims against Defendants are barred by the statute of limitations.

THIRD AFFIRMATIVE DEFENSE

The loss IDC claims to have suffered was not caused by Defendants' actions.

FOURTH AFFIRMATIVE DEFENSE

IDC's claims are barred by assumption of the risk.

FIFTH AFFIRMATIVE DEFENSE

The doctrine of unclean hands bars IDC from recovering on its claims.

SIXTH AFFIRMATIVE DEFENSE

The doctrine of laches bars IDC from recovering on its claims.

SEVENTH AFFIRMATIVE DEFENSE

IDC is estopped, in whole or in part, from recovering on its claims.

EIGHTH AFFIRMATIVE DEFENSE

IDC has waived, in whole or in part, its claims and recovery thereon.

NINTH AFFIRMATIVE DEFENSE

IDC's claims are barred by the statute of frauds.

TENTH AFFIRMATIVE DEFENSE

IDC's own fraudulent conduct bars its claims.

ELEVENTH AFFIRMATIVE DEFENSE

IDC failed to mitigate its damages.

WHEREFORE, Third Party Defendants Edwards Angell Palmer & Dodge LLP and Timothy More respectfully request that the Court:

(1) Dismiss with prejudice the Claims against them;

(2) Enter judgment in favor of the Third Party Defendants, Edwards Angell Palmer & Dodge LLP and Timothy More;

(3) Award Edwards Angell Palmer & Dodge LLP and Timothy More their costs and attorneys' fees; and

(4) Grant such further relief as the Court deems proper.

EDWARDS ANGELL PALMER &
DODGE LLP and TIMOTHY MORE

By their attorneys,

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

OF COUNSEL:

Harold Hestnes (*pro hac vice* admission pending)
Beth E. Bookwalter (*pro hac vice* admission pending)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2006 a true copy of the foregoing was served by first class mail to:

Stephen F. Gordon, Esq.
Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903-2841

Steven E. Snow, Esq.
Robert K. Taylor, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Dennis J. Sherman