UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, Plaintiff | ) | |
| v. | ) | Civil Action No.: 01-400/T |
| IDC PROPERTIES, INC., Defendant | ) | |

DEFENDANT, IDC PROPERTIES, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO (i) SEVER THIRD-PARTY CLAIM AND (ii) SEVER AND STAY BAD FAITH CLAIM

Defendant, IDC Properties, Inc. ("IDC") hereby objects to Plaintiff Commonwealth Land Title Insurance Company's ("Commonwealth") Motion to (i) Sever Third-Party Claim and (ii) Sever and Stay Bad Faith Claim ("Motion to Sever"). The grounds for the opposition are set forth in the accompanying Memorandum of Law filed herewith.

Respectfully submitted,

IDC PROPERTIES, INC.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: May 15, 2006

Of Counsel:

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
Gordon Haley, LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

## Certification

I hereby certify that on this 15th day of May, 2006, I served a true and accurate copy of the foregoing upon the following via first-class, postage prepaid mail.

**Steven E. Snow, Esq.**
Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903-7120

**Deming E. Sherman, Esq.**
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>IDC PROPERTIES, INC.,<br><br>Defendant | Civil Action No.: 01-400/T |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, IDC PROPERTIES, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO (1) SEVER THIRD PARTY CLAIM AND (2) SEVER AND STAY BAD FAITH CLAIM

Defendant IDC Properties, Inc. ("IDC") hereby submits the within memorandum in support of its accompanying objection to Plaintiff Commonwealth Land Title Insurance Company's ("Commonwealth") Motion to (1) Sever Third Party Claim and (2) Sever and Stay Bad Faith Claim ("Motion to Sever") on the grounds that there are facts and questions of law which are common to the claims set forth in the Plaintiff's Complaint, IDC's third-party claim against its former counsel, and IDC's bad faith claim against Commonwealth that warrant all of the claims being tried together in one jury trial. Furthermore, IDC would be unduly prejudiced if the actions were severed insofar as IDC would be required to prove the same set of facts in two (2) separate proceedings, and, thus, would be exposed to the possibility of inconsistent judgments.

I. Facts

This action was commenced on August 24, 2001, as a Complaint for Declaratory Judgment ("Complaint") by Commonwealth against IDC. The Complaint was based upon a title

insurance policy effective February 11, 1999, providing IDC with $12 million in title insurance (the "Policy") for property it owned on Goat Island in Newport, Rhode Island (the "Property").

In the Complaint, Commonwealth alleges that IDC failed to provide it with allegedly adverse information about title to the Property relating to a dispute about amendments to condominium documents. Commonwealth seeks to avoid making payment under the Policy, by arguing that failure to disclose the allegedly adverse information implicates an exclusion within the Policy or, alternatively, that the alleged failure to disclose amounted to a fraudulent misrepresentation which entitles Commonwealth to avoid its $12 million obligation under the Policy.

On April 8, 2005, the Rhode Island Supreme Court issued a decision determining that IDC, and its predecessors-in-interest, irrespective of any subsequent dispute about the amendments to the condominium documents, never, at any time, held valid title to certain parcels of the Property that were insured by the Policy. IDC submits that it is entitled to payment under the terms of the Policy because the decision of the Rhode Island Supreme Court conclusively determines that IDC has been divested of title in fee simple of parcels of the Property which were insured by Commonwealth in the amount of $12 million. IDC has raised counterclaims against Commonwealth for bad faith due to its failure to make a cognitive evaluation and review of the claim following the April 8, 2005 decision of the Rhode Island Supreme Court and to make payment to IDC pursuant to the Policy (the "Bad Faith Counterclaim"), and for a declaratory judgment that its claim is covered under the Policy.

The information adduced through discovery prior to the stay of these proceedings, reveals that the person with the sole responsibility for procuring the title insurance on behalf of IDC was its counsel, Timothy More of Edwards & Angell. IDC filed a third party complaint against More

and Edwards & Angell for indemnification, breach of contract, breach of fiduciary duty and negligence-legal malpractice (the "Third Party Action").

## II. Standard for Severance of Claims

When faced with a motion to sever, courts generally consider whether the issues to be tried separately: 1) are significantly different from one another; 2) are triable by jury or the court; 3) have a different discovery posture; 4) require the testimony of different witnesses and documentary evidence; and 5) whether prejudice will result if severance is not granted. See Stanley v. Bray Terminals, Inc., 197 F.R.D. 224, 230 (N.D.N.Y. 2000). A party may be unduly prejudiced by severance of claims if it is exposed to the potential for inconsistent judgments or if its required to prove the same set of facts in two separate proceedings. Id. at 231; Strategem Dev. Corp. v. Heron Int'l N.V., 153 F.R.D. 535, 552 (S.D.N.Y. 1994).

## III. Argument

### A. The Declaratory Action and the Third-Party Claim should be tried together.

#### 1. The Declaratory Action and the Third Party Action involve the same issues of fact and will require the testimony of the same witnesses and same documentary evidence.

The Declaratory Action and the Third Party Action involve the same issues of fact and questions of law. As such, the actions should tried to the same trier of fact. In the Declaratory Action, Commonwealth alleges that IDC's claim is excluded from coverage on the grounds that IDC had knowledge of and failed to notify Commonwealth of adverse claims and of certain facts concerning amendments to the condominium documents. The Third Party Action against More and Edwards & Angell alleges that if the Court determines that IDC is not entitled to coverage under the Policy due to the conduct of More and Edwards & Angell in procuring the Policy, then More and Edwards & Angell are liable to IDC. It is undisputed that IDC acted by and through

its legal counsel, More and Edwards & Angell; therefore, each claim requires an inquiry into the communications that occurred between IDC, through its counsel, and Commonwealth in connection with the procurement of the Policy. In the Plaintiff's Memorandum in Support of the Motion to Sever, Commonwealth attempts to downplay the extent to which the factual issues overlap between the Declaratory Action and the Third Party Action. Commonwealth contends that "[t]o the extent that there are any overlapping factual issues, EAPD could be permitted to participate in the coverage phase of the case in connection with this issues," (Plaintiff's Memorandum, at p. 5 n.3); however, Commonwealth is glossing over the fact that the testimony of More and EAPD are indispensable to its Declaratory Action. In the Declaratory Action Complaint, the paragraphs which allege actions, representations or knowledge of facts by IDC, state that IDC acted "by and through its authorized agent and legal counsel" or that IDC's counsel had knowledge. See Declaratory Action Complaint, at ¶¶ 4, 5, 6, 7, 11. Furthermore, three (3) of the documents that are attached as exhibits to the Declaratory Action Complaint were authored by More and Edwards & Angell. See Declaratory Action Complaint, at Exs. A, B, F. Indeed, Commonwealth's own recitation of the facts in its memorandum in support of its motion to sever commences with this sentence: "In late 1997, Timothy More, formerly a partner of EAPD, approached Commonwealth on behalf of his client IDC." Plaintiff's Memorandum In Support of Motion To (1) Sever Third Party Claim And 2) Sever and Stay Bad Faith Claim, Page 2.

The facts, witnesses and documents that the trier of fact will need to review are all but identical in each claim.

2. <u>The Declaratory Action and the Third Party Action are jury trials.</u>

Commonwealth incorrectly contends that the Declaratory Action is a non-jury claim and should, therefore, be tried to the Court and not a jury. This is simply not the case. The right to a

jury for claims brought under the Declaratory Judgment Act depends on whether a right to a jury trial exists on the underlying action upon which declaratory relief is sought. See 9 Wright and Miller, Federal Practice and Procedure § 2313 (1995). In this case, the Declaratory Action seeking a determination of coverage is, in essence, a contract action for which IDC would be entitled to a jury trial. In accordance with its rights, IDC claimed its right to a jury trial in the First Amended Answer and Counterclaim of IDC Properties, Inc. and Claim for Trial by Jury. The Declaratory Action and the Third Party Action are both jury matters and should proceed together to trial.

3. The Third Party Action and the Declaratory Action share the same discovery posture.

The Court has extended discovery in this matter until September. This extension affords ample time and opportunity for both causes of action to be tried together. The number of witnesses and documents at issue are not substantial and the current discovery track imposes no undue burden or limitations on any party, nor does it threaten to unfairly delay or impede any party.

4. IDC will be unduly prejudiced if the Third Party Action is severed from the Declaratory Action.

If the Third Party Action is severed from the Declaratory Action, IDC will be unduly prejudiced because it will expose IDC to the possibility of inconsistent judgments, i.e., a finding that IDC's claim is excluded from coverage and a finding that More and Edwards & Angell are not liable to IDC. The danger of inconsistent results is sufficient to warrant the denial of Commonwealth's Motion to Sever.

In the Plaintiff's Memorandum in Support of Motion to Sever, Commonwealth contends that it would be a waste of the Court's and the parties' resources to proceed with the Third Party Action prior to the determination of the Declaratory Action. This contention, however, ignores

the reality of what exactly will be tried before the Court. The ultimate question at the trial of Commonwealth's claims will be: did the actions of Timothy More and EAPD entitle Commonwealth to avoid payment under the policy? Only one of two (2) propositions can be true, either: 1) the actions of More and EAPD do not allow Commonwealth to be excused from payment or 2) More and EAPD breached a duty owed to IDC which has resulted in IDC losing the right to payment under the policy. At no place in the Complaint, the pleadings or its motion to sever does Commonwealth suggest that IDC acted other than through its attorneys More and EAPD. Commonwealth's request that the Court sever the claims would establish a procedure whereby two (2) separate triers of fact after two (2) separate trials would be potentially called upon to make a determination as to the behavior of More and EAPD. Both triers of fact would be forced to make a determination about the facts of the matter without having all the parties before them, and it is entirely possible that both could reach different judgments as to the actions of More and EAPD and leave IDC without recourse to any party.

Commonwealth's suggestion that not severing the claims will waste judicial resources is disingenuous at best. Commonwealth commenced this action contending that it has no obligation to make payment under its policy, it has continued to maintain that position. Commonwealth now suggests that the Court should enter an order severing the claims because if Commonwealth is forced to make payment under the policy, that will spare More and EAPD from an unnecessary trial. As noted above, More and EAPD will, of necessity, be the principal focus of the adjudication of Commonwealth's claims in any event. Notably, severing the claims would not in any way limit Commonwealth's expenditure of resources, and would, of necessity, cause them to be compelled to appear and testify at any trial of the More and EAPD claims if they were successful in avoiding the obligation to make payment under the policy. Far from

simplifying the adjudication of this dispute, severing of the claims would only unnecessarily complicate it, and cause a greater, not lesser, expenditure of resources.

In light of the foregoing, the Commonwealth's motion to sever the Third Party Action should be denied.

B. IDC's Bad Faith Counterclaim should not be stayed and should be tried with the Declaratory Action.

In the Memorandum in Support of Motion to Sever, Commonwealth alleges that IDC's Bad Faith Counterclaim should be severed and stayed because IDC has yet to prove a breach of contract. Commonwealth ignores that IDC's Bad Faith Counterclaim is the mirror image of Commonwealth's claim that IDC's claim is excluded from coverage. Where there is an overlap between a coverage issue and counterclaims, the entire case should be heard by the same trier of fact. Progressive Northern Ins. Co. v. Bachman, 314 F. Supp.2d 820, 833 (W.D. Wis. 2004).

Although the law is well-settled in Rhode Island, and elsewhere, that an insurer is entitled to debate a claim that is fairly debatable, an insured is not "relieved of its obligations to deal with its insured consistent with its implied duty of good faith and fair dealing simply because the claim is fairly debatable." Skaling v. Aetna Ins. Co., 799 A.2d 997, 1011 (R.I. 2002). An insurer must make a cognitive evaluation and review of a claim. Id. In this case, what is at issue in IDC's bad faith claim is the failure of Commonwealth to make, in good faith, a cognitive evaluation of IDC's claim after the April 8, 2005 decision of the Rhode Island Supreme Court and to acknowledge that that decision made moot Commonwealth's earlier reliance on a host of subsidiary, and now irrelevant, issues to deny payment under the policy.

IDC's Bad Faith Counterclaim arises from the exact set of facts and occurrences upon which Commonwealth's Declaratory Action is founded and the two (2) actions should be tried to the same jury at the same time.

## IV. Conclusion

In light of the foregoing, Commonwealth's Motion to (1) Sever Third Party Claim and (2) Sever and Stay Bad Faith Claim should be denied.

Respectfully submitted,

IDC PROPERTIES, INC.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: May 15, 2006

Of Counsel:

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
Gordon Haley, LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

**Certification**

I hereby certify that on this 15th day of May, 2006, I served a true and accurate copy of the foregoing upon the following via first-class, postage prepaid mail.

**Steven E. Snow, Esq.**
Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903-7120

**Deming E. Sherman, Esq.**
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903