# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

COMMONWEALTH LAND TITLE INSURANCE COMPANY,
Plaintiff,

v.

IDC PROPERTIES, INC.,
Defendant.

C.A. No. 01-400 T

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO (1) SEVER THIRD PARTY CLAIM AND (2) SEVER AND STAY BAD FAITH CLAIM

Commonwealth Land Title Insurance Company ("Commonwealth"), through counsel, submits the following reply memorandum in support of its Motion to (1) Sever Third Party claim and (2) Sever and Stay Bad Faith Claim ("Motion to Sever").

IDC Properties, Inc.'s ("IDC") objection to the Motion to Sever argues that common facts and questions of law predominate, so that it would be prejudicial to IDC to try the core coverage issue separately from IDC's third-party claim against Edwards Angell Palmer & Dodge LLP ("EAPD") and its bad faith claim against Commonwealth. On the contrary, it is obvious that IDC's bad faith claim, which is premised on Commonwealth's alleged failure to reevaluate coverage in 2005, has nothing to do with the other claims in this case, which relate to communications between Commonwealth and EAPD attorney Timothy More in 1997. Furthermore, it is clear that IDC's legal malpractice and other claims against EAPD are legally quite distinct from Commonwealth's claim for a declaratory judgment, and will involve potentially extensive fact and expert testimony unrelated to IDC's coverage under the Commonwealth title policy. To the extent that these claims may involve some common facts, that overlap is not sufficient to require trying the claims together.

Severing the claims is certain to avoid wasting the resources of the Court and parties. If the Court rejects Commonwealth's coverage arguments, the third-party claims against EAPD will be moot. If the Court accepts Commonwealth's coverage arguments, then the bad faith claim will be moot. Severing and sequencing the various claims is clearly more efficient than IDC's approach.

IDC also suggests that it is entitled to a jury trial on Commonwealth's claim for declaratory relief. Opp. Mem. at 5. This is plainly incorrect for two reasons. First, the declaratory judgment claim does not present legal issues of the type that would trigger a right to a jury. Commonwealth is not seeking any monetary relief. IDC has asserted only equitable defenses, and its own counterclaim for declaratory judgment against Commonwealth seeks only a declaration that Commonwealth "is obligated to make payment under the terms of the Policy." IDC Amended Counterclaim, ¶ 20. IDC is effectively seeking a mandatory injunction against Commonwealth, an equitable claim that is the province of the Court.

Second, IDC has long ago waived any right to a jury trial on Commonwealth's declaratory judgment claim. Fed. R. Civ. P. 38(b) provides that a party may demand a trial by jury of any issue triable of right by a jury "not later than 10 days after the service of the last pleading directed to such issue." Commonwealth filed its claim for declaratory relief in 2001, and IDC did not demand a jury at that time. The issues raised by Commonwealth have not changed. IDC's purported demand for a jury trial made in its recently filed amended answer does not erase its previous waiver. *See, e.g.*, Wright & Miller, Federal Practice & Procedure § 2320 (1995) (an amendment "does not revive a right to jury trial previously waived on the issues already framed by the original pleadings").

Respectfully Submitted,

COMMONWEALTH LAND TITLE
INSURANCE COMPANY

By its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903-7120
(401) 861-8200
(401) 861-8210 FAX

DATED: May 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO (1) SEVER THIRD PARTY CLAIM AND (2) SEVER AND STAY BAD FAITH CLAIM was mailed, postage prepaid, on this 22nd day of May, 2006 to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

Deming E. Sherman, Esq.
Edwards Angell Palmer & Dodge LLP
Suite 2800
One Financial Plaza
Providence, RI 02903-2499

857331_1/6052-3