**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,

Plaintiff,

v. C.A. No. 01-400-T

IDC PROPERTIES, INC.,

Defendant.

-------------------------

IDC PROPERTIES, INC.,

Third-Party Plaintiff,

v.

TIMOTHY MORE and EDWARDS
ANGELL PALMER DODGE LLP,

Third-Party Defendants.

**CASE MANAGEMENT ORDER**

For the reasons discussed at the status conference conducted on April 7, 2006, it is hereby ordered that:

(1) The deadline for filing motions to sever was April 24, 2006, and the deadline for responses was May 15, 2006. Since Commonwealth has filed a timely motion to sever IDC's counterclaim for bad faith and its third-party complaint; and, since IDC has filed a timely response, the motion to sever shall be assigned for oral argument.

(2) The trial of this case shall be bifurcated or trifurcated

into the following stages:

(a) Stage I - Stage I shall address whether Commonwealth is entitled to a declaratory judgment declaring that the title insurance policy issued by Commonwealth does not afford coverage for IDC's alleged loss of development rights in the three subject parcels. If Commonwealth's motion to sever IDC's bad faith counterclaim and/or IDC's third-party complaint is denied, such counterclaim and/or third-party complaint, also, shall be addressed in Stage I.

Discovery for Stage I shall close on September 15, 2006, except that the deadline for discovery may be extended if the Court denies Commonwealth's motion to sever, in whole or in part.

(b) Stage II - If Commonwealth's motion to sever IDC's bad faith counterclaim and IDC's third-party complaint is granted as to <u>both</u>, Stage II shall address whichever of those claims has <u>not</u> been rendered moot by the decision with respect to coverage. More specifically, if it is determined that Commonwealth's policy does not afford coverage, IDC's bad faith counterclaim will be rendered moot and its third-party claims for

indemnification will proceed to trial. Conversely, if it has been determined that Commonwealth's policy <u>does</u> afford coverage, IDC's third-party claims for indemnification will be rendered moot and IDC's bad faith counterclaim will proceed to trial.

Discovery with respect to Stage II shall be completed at the same time as discovery with respect to Stage I unless Commonwealth's motion to sever the bad faith counterclaim is granted, in which case the Court will set a date for completing discovery with respect to that counterclaim after the trial of Stage I has ended.

(c) Stage III - Shall address damages and other relief to be awarded with respect to claims upon which any party has been found liable.

(3) Discovery pertaining <u>solely</u> to the issue of bad faith and/or discovery pertaining to damages are hereby stayed until further order of the Court.

(4) The parties shall participate in a settlement conference with Magistrate Judge Lovegreen and counsel for Chicago Title Insurance Company shall be invited to participate in that conference. If the parties prefer to participate in mediation with a private mediator, instead, they may

do so by advising the Court, in writing, of the mediator's identity and the date(s) on which mediation is scheduled.

By Order

Deputy Clerk

ENTER:

Ernest C. Torres
Chief Judge

Date: Sept. 6, 2006