UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br>Defendant and Third Party Plaintiff<br><br>v.<br><br>TIMOTHY MORE, and EDWARDS ANGELL PALMER DODGE LLP<br><br>Third Party Defendants. | Civil Action No. 01-400 T |

MOTION FOR ENTRY OF ORDER COMPELLING ATTENDANCE OF WITNESS AT DEPOSITION
(Celeste F. Riendeau)

The Defendant, IDC Properties, Inc ("IDC") moves the Court to enter an Order in the form attached hereto as Exhibit A compelling the attendance of a third party witness (Celeste Riendeau) at a deposition in this action. In support of its motion, IDC states the following:

1. On August 16, 2006, IDC served on all parties a Notice of Deposition and subsequently served Celeste Riendeau with a subpoena compelling her attendance at the deposition on Wednesday, September 6, 2006 at 10:00 am in Providence, Rhode Island. The subpoena was duly served in hand on Ms. Riendeau on August 22, 2006 and a return of service filed with the Court. [Docket No. 51] Prior to the commencement of the deposition at 9:30 am on September 6th, counsel for IDC was informed by phone by counsel to the Plaintiff, Commonwealth Land Title ("Commonwealth") that Ms.

Riendeau had telephoned him to advise that as a result of a sore neck she would be unable to attend. With the assistance of Commonwealth's counsel (Ms. Riendeau is a former employee of Commonwealth), the deposition was rescheduled by agreement to Friday, September 8, 2006 at 1:00 p.m.. On the morning of September 8th, Commonwealth's counsel called IDC's counsel to advise him that Ms. Riendeau was not feeling well enough to attend. Again, with the assistance of Commonwealth's counsel, the deposition was rescheduled for Wednesday, September 13th at 10:00 a.m..

2. On the morning of September 13th at approximately 9:30 a.m., IDC's counsel again was informed that Ms. Riendeau was unable to attend.

3. This action concerns the claims of the Plaintiff title insurance company that it was unaware of certain facts which it was allegedly entitled to know before issuing the title insurance in question, including the fact that there were allegedly certain challenges made by third parties to the effectiveness of certain amendments to a master condominium declaration. Ms. Riendeau was the Commonwealth employee who performed the title examination and whose examination appears to have (from a review of notes which appear to have been handwritten by her) revealed the fact that the land which Commonwealth was intending to insure for the benefit of IDC, was carried by the Newport assessor as land owned by the condominium association. Ms. Riendeau's verification of these notes and her testimony concerning the scope of her title examination and report to the Commonwealth lawyer who authorized the issuance of the insurance after his review of this information, is important to a complete presentation of the facts and a fair adjudication of this action.

4. IDC does not seek to sanction Ms. Riendeau nor, as should be evident by it attempts to reschedule, even inconvenience her; it is necessary, however, that her deposition be

undertaken. (Counsel estimates that the deposition would take no more than 2.5 hours). Prior attempts to gain her attendance have failed.

5. IDC seeks the entry of an Order which would compel Ms. Riendeau's attendance on a date certain, or, if existing medical conditions preclude her attendance and would impair her health, some documentary evidence of those facts and an independent review of those facts by the Court.

6. A proposed Order is attached hereto as Exhibit A.

Wherefore, IDC Properties prays that the Court enter an Order in the form and manner attached hereto as Exhibit A compelling the attendance of Celeste Riendeau at her deposition and that the Court grant other and further relief as is just.

Respectfully submitted,

IDC PROPERTIES, INC.

By its Attorneys,

/s/ W. Mark Russo

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
Gordon Haley, LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789
Dated: September 18, 2006
*Admitted Pro Hac Vice*

## Certification

I hereby certify that on this 18th day of September, 2006, I served a true and accurate copy of the foregoing upon the following via e-mail.

**Steven E. Snow, Esq.**
ses@psh.com
tlc@psh.com

**Deming E. Sherman, Esq.**
dsherman@eapdlaw.com

**Peter J. Haley, Esq.**
haley@gordonhaley.com
Haggerty@gordonhaley.com
notices@gordonhaley.com

I hereby certify that on this 18th day of September, 2006, I served a true and accurate copy of the foregoing upon the following via first-class mail.

Beth E. Bookwalter, Esq.
Harold Hestnes, Esq.
**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, MA 02109

Stephen F. Gordon Esq.
**Gordon Haley LLP**
101 Federal Street
Boston, MA 02110

/s/ W. Mark Russo

ACCORDING TO ADMINISTRATIVE PROCEDURE 4(b)(4), THIS DOCUMENT SHOULD HAVE BEEN FILED CONVENTIONALLY AND HAS BEEN REMOVED FROM THE DOCKET.