UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, Plaintiff, | |
| v. | Civil Action No. 01-400 T |
| IDC PROPERTIES, INC., Defendant and Third Party Plaintiff | |
| v. | |
| TIMOTHY MORE, and EDWARDS ANGELL PALMER DODGE LLP Third Party Defendants. | |

MOTION OF DEFENDANT IDC PROPERTIES, INC.
TO COMPEL FURTHER RESPONSES TO DISCOVERY FROM PLAINTIFF
COMMONWEALTH LAND TITLE INSURANCE COMPANY

The Defendant and Third Party Plaintiff IDC Properties, Inc. ("IDC") moves the Court to enter an order compelling the Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") to produce documents and provide testimony in response to IDC's deposition notice and request for production of documents. In support of its motion, IDC states the following:

1. On October 31, 2005, IDC filed a Motion to Conduct Certain Additional Discovery. On December 6, 2005, the Court entered an Order denying the discovery motion on the grounds that the motion failed state with specificity the discovery sought and why it was

necessary in light of the decision of the Rhode Island Supreme Court in America Condominium Association, Inc., et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

2. IDC promptly filed a motion for reconsideration. [Docket No. 29] IDC attached to its motion for reconsideration the discovery which it sought in the form of a proposed deposition notice. Commonwealth did not object, or respond, to the motion for reconsideration. On January 10, 2006 the Court entered an order providing that IDC could conduct discovery "with respect to any new issues raised by the Rhode Island Supreme Court decisions" in *America Condominium I* and *America Condominium II*. [Docket No. 30]

3. Subsequently, IDC noticed the deposition of Commonwealth in accordance with Rule 30(b)(6) and stated the areas of inquiry would be:

a) the evaluation of the claim of IDC Properties, Inc. following the decisions of the Rhode Island Supreme Court reported in America Condominium Association, Inc., et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004). *American Condominium I* and America Condominium Association, Inc., et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*American Condominium II*);

b) any communications concerning the decisions, or the facts or statements underlying, and or set forth in, those decisions reported in America Condominium Association, Inc., et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004). *American Condominium I* and America Condominium Association, Inc., et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*American Condominium II*); and

c) the documents produced in response to requests set forth in Exhibit A.

4. Commonwealth objected to the proposed discovery contending in part that the Court had not yet ruled on IDC's Motion to Amend its Answer and Counterclaim. Subsequently, the Court allowed in part IDC's Motion to Amend its Answer and Counterclaim and IDC has filed an Amended and Counterclaim. IDC re-noticed the deposition of Commonwealth for August 4, 2006. A true and accurate copy of the deposition notice is attached hereto as Exhibit A. Commonwealth requested that the deposition be continued to September 8, 2006, which IDC assented to. Commonwealth agreed to provide IDC with any objections to the documents requested and/or testimony by August 4, 2006 and otherwise produce documents.

5. On August 4, 2006, Commonwealth responded with the correspondence attached hereto as Exhibit B, and otherwise did not produce any documents. In its correspondence, Commonwealth stated "Commonwealth will object to any attempt to take testimony relating to the company's evaluation and analysis of coverage." (Exhibit B, Page 2).

6. On September 6, 2006, the Court entered an Order staying discovery which relates solely to the issue of bad faith. [Docket No. 52] (emphasis in the original).

7. Commonwealth and IDC agreed to postpone the Rule 30(b)(6) deposition of Commonwealth until such time as the Court had an opportunity to rule on this motion.

8. IDC believes that the documents and testimony requested are likely to lead to the discovery of evidence which is admissible in these proceedings. IDC requests that the Court enter an order compelling Commonwealth to produce the documents requested and to otherwise testify as to the subject areas set forth in the Notice of Deposition.

9. The Federal Rules of Civil Procedure governing depositions and discovery are to be construed liberally in favor of discovery. Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385 (1947); SEC v. Sargent, 229 F.3d 68, 80 (1st Cir. 2000).

10. The Rhode Island Supreme Court has recognized that an insurer has an obligation to investigate a claim and submit the results of that investigation to a "cognitive evaluation." Skaling v. Aetna Ins. Co., 799 A.2d 997, 1011 (R.I. 2002). In this action, Commonwealth seeks a declaratory judgment that it is not obligated to make payment in accordance with the terms of its policy. IDC's response to the Complaint, in part, rests upon the plain fact that the harm alleged by Commonwealth, the alleged failure of the insured's counsel to disclose certain facts relating to the property, is unrelated to the loss suffered.

11. Commonwealth had an obligation to evaluate the IDC claim in light of the decisions in *America Condominium I* and *America Condominium II.* Commonwealth's evaluation of the claim in light of these decisions does not relate solely to any claims of bad faith in this action, rather it relates to the defense of IDC that the loss suffered under the policy bore no relation whatsoever to the harm alleged by Commonwealth. On January 10, 2006 the Court entered an Order which provided that IDC could conduct discovery " with respect to any new issues raised by the Rhode Island Supreme Court decisions" in *America Condominium I* and *America Condominium II*. It is hard to conceive of a mandate which could be any more direct. Yet, Commonwealth is still maintaining that it "will object to any attempt to take testimony relating to the company's evaluation and analysis of coverage." (Exhibit B, Page 2). This statement is disingenuous at best, Commonwealth's entire complaint concerns its evaluation and analysis of coverage, i.e. they allege there is none. Commonwealth can not possibly be allowed to maintain the position that they are permitted to bring a declaratory judgment action to deny coverage under the policy, yet they do not have to testify concerning their analysis of coverage. IDC is entitled to the discovery it has noticed and seeks the aid of the Court in insuring it is

permitted a fair opportunity to defend itself in this action and to discover facts and elicit testimony which is likely to lead to the discovery of admissible evidence.

Wherefore, IDC prays that the Court enter an order compelling Commonwealth to produce documents and provide testimony in response to the deposition notice attached hereto as Exhibit A and that the Court grant such other and further relief as is just.

Respectfully submitted,

IDC PROPERTIES, INC.

By its Attorneys,

/s/ W. Mark Russo
W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
Gordon Haley, LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789
*Admitted Pro Hac Vice*

Dated: September 19, 2006

**Certification**

I hereby certify that on this 19th day of September, 2006, I served a true and accurate copy of the foregoing upon the following via e-mail.

**Steven E. Snow, Esq.**
ses@psh.com
tlc@psh.com

**Deming E. Sherman, Esq.**
dsherman@eapdlaw.com

**Peter J. Haley, Esq.**
haley@gordonhaley.com
Haggerty@gordonhaley.com
notices@gordonhaley.com

I hereby certify that on this 19th day of September, 2006, I served a true and accurate copy of the foregoing upon the following via first-class mail.

Beth E. Bookwalter, Esq.
Harold Hestnes, Esq.
**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, MA 02109

Stephen F. Gordon Esq.
**Gordon Haley LLP**
101 Federal Street
Boston, MA 02110

/s/ W. Mark Russo

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br>Defendant and Third Party Plaintiff<br><br>v.<br><br>TIMOTHY MORE, and<br>EDWARDS ANGELL PALMER DODGE LLP<br><br>Third Party Defendants. | Civil Action No. 01-400 T |

NOTICE OF DEPOSITION
(Commonwealth Land Title Insurance Company)

To: All Counsel of Record

PLEASE TAKE NOTICE that on August 4, 2006 at the offices of Ferruci Russo, 55 Pine Street, Providence, Rhode Island, the Defendant, IDC Properties, Inc. by and through its counsel will take the deposition upon oral examination of Commonwealth Land Title Insurance Company, pursuant to Rule 30 of the Federal Rules of Civil Procedure before a notary public, in and for the State of Rhode Island, or before some other officer authorized by law to administer oaths. The deponent is required to produce for inspection and copying those documents identified on Exhibit A attached hereto. The deponent is required to designate a person or

persons to testify on its behalf regarding the subjects described on Exhibit B. The deposition will continue from day to day until completed.

IDC PROPERTIES, INC., Defendant

By its attorneys,

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

Dated: June 30, 2006

W. Mark Russo #3937
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

P:\Clients\Roos\Newport\Plead\Deposition Notice - Commonwealth 30b6.doc

# EXHIBIT A

1. All documents which constitute, concern, refer or relate to the evaluation of the claim of IDC Properties, Inc. ("IDC") following the decisions of the Rhode Island Supreme Court reported in America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), and America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

2. All documents which constitute, concern, refer or relate to any communications concerning the decisions, or the facts or statements of law underlying, and/or set forth in, those decisions, reported in America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), and America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

3. All documents which constitute, concern, refer or relate to the title insurance policy issued to IDC Properties, Inc, including, but not limited to, the underwriting file and all files, communications, correspondence or memoranda which relate to the policy, the evaluation of any claims or potential claims under the policy and/or any investigation or analysis of any claims or potential claims under the policy.

4. All documents which constitute, concern, refer or relate to any and all title examinations related to the title insurance policies issued to IDC Properties, Inc, including, but not limited to, the examinations performed by the examiner, identified by the initials "CFR" who authored the title examinations reflected in the Plaintiff's orders numbered 228716 and 228716A.

5. All documents which constitute, concern, refer or relate to communications between the Plaintiff and Chicago Title Insurance Company concerning the claims of IDC Properties, Inc., the application for title insurance by IDC Properties, Inc. and the real property owned or formerly owned by IDC Properties, Inc.

# EXHIBIT B

1. The evaluation of the claim of IDC Properties, Inc. following the decisions of the Rhode Island Supreme Court reported in America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), and America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*)..

2. Any communications concerning the decisions, or the facts or statements of law underlying, and/or set forth in, those decisions, reported in America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), and America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

3. The title insurance policy issued to IDC Properties, Inc, including, but not limited to, the underwriting file and all files, communications, correspondence or memoranda which relate to the policy, the evaluation of any claims or potential claims under the policy and/or any investigation or analysis of any claims or potential claims under the policy.

4. The title examinations performed prior to the issuance of the title policies and any other investigation, review, analysis or consideration of the request for title insurance

5. The identity, name, and current or last known address and telephone number of the examiner, identified by the initials "CFR" who authored the title examinations reflected in the Plaintiff's orders numbered 228716 and 228716A.

6. Any and all communications with Chicago Title Insurance Company concerning the claims of IDC Properties, Inc., the application for title insurance by IDC Properties, Inc. and the real property owned or formerly owned by IDC Properties, Inc.

7. The documents produced in response to Exhibit A.

# EXHIBIT B

PSH
PARTRIDGE
SNOW &
HAHN LLP
COUNSELORS AT LAW

Robert K. Taylor
rkt@psh.com

August 4, 2006

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

Re: Commonwealth Land Title Insurance Company v. IDC Properties, Inc.
C.A. No. 01-400 T

Dear Peter:

Pursuant to our discussion reflected in your letter dated July 19, 2006, this will advise of our continuing objection to certain of IDC's document requests listed on Exhibit A to the Rule 30(b)(6) deposition notice. As an initial matter, I note that IDC's purported document request is procedurally defective. The proper method of requesting documents from a party is set forth in Fed. R. Civ. P. 34. Rule 30(b)(6) does not provide for document requests to a party. Nevertheless, to avoid needless expenditure of resources, we will consider Exhibit A as an informal request and respond.

Item 1 on Exhibit A requests all documents "which constitute, concern, refer or relate to the evaluation of the claim of IDC Properties Inc. ("IDC") following the decisions of the Rhode Island Supreme Court" in the *America Condominium* case. As you know, it is Commonwealth's position that this request improperly seeks privileged and confidential material that is at best only relevant to IDC's bad faith claim. IDC is not entitled to inquire into Commonwealth's evaluation and analysis of its policy defenses before there has been a determination as to coverage.

Item 2 on Exhibit A requests all documents "which constitute, concern, refer or relate to any communications concerning the decisions, or the facts or statements of law underlying, or set forth in, those decisions" of the Rhode Island Supreme Court in *America Condominium*. To the extent that this Item seeks the same documents that are requested in Item 1, we have the same objection. Further, communications "concerning the decisions," if they exist, are irrelevant to whether Attorney More withheld material information from Commonwealth in 1997 and 1998. The request for documents relating to the "facts or statements of law underlying" the decisions is vague and potentially invades the work product protection, as a response could disclose the mental impressions of Commonwealth's counsel. Commonwealth has already produced the underwriting file, some of which may be responsive to this request.

Item 3 on Exhibit A requests all documents "which constitute, concern, refer or relate to the title insurance policy issued to IDC Properties, Inc., including, but not limited to, the underwriting file and all files, communications, correspondence or memoranda which relate to the policy, the evaluation of any claims under the policy and/or any investigation or analysis of any claims or potential claims under the policy." To the extent that this Item seeks to invade Commonwealth's and its counsel's evaluation and analysis of coverage, we object for the reasons set forth above in connection with Item 1. As noted above, Commonwealth has already produced the underwriting file, and is not aware of any other documents relating to the issuance of the policy.

Item 4 on Exhibit A requests all documents "which constitute, concern, refer or relate to any and all title examinations related to the title insurance polices issued to IDC." These documents are part of the underwriting file and have already been produced.

Item 5 on Exhibit A requests all documents "which constitute, concern, refer or relate to communications between the Plaintiff and Chicago Title Insurance Company concerning the claims of IDC Properties, Inc., the application for title insurance by IDC Properties, Inc. and the real property owned or formerly owned by IDC Properties, Inc." Commonwealth is not aware of any documents responsive to this request.

Exhibit B to the deposition notice sets forth the proposed areas of examination. Consistent with our position on the document requests, Commonwealth will object to any attempt to take testimony relating to the company's evaluation and analysis of coverage. I would prefer to reach an agreement excluding these subjects from the scope of the deposition in advance, but reserve the right to file a motion to quash if necessary.

Very truly yours,

Robert K. Taylor

RKT/tlc

868946_1/6052-3