# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,
Plaintiff,

v.

IDC PROPERTIES, INC.,
Defendant/
Third Party Plaintiff,

v.

TIMOTHY MORE and
EDWARDS ANGELL PALMER DODGE LLP

Third Party Defendants.

C.A. No. 01-400 T

## COMMONWEALTH LAND TITLE INSURANCE COMPANY'S OBJECTION TO IDC PROPERTIES, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY

Under the current case management order entered September 6, 2006, the first issue to be addressed by the parties is whether IDC withheld material facts about adverse claims against its title when it applied for coverage from Commonwealth in 1997 and 1998. The object of IDC's motion to compel – Commonwealth's analysis of potential coverage under the IDC policy – did not take place until sometime after Commonwealth was belatedly put on notice of the adverse claims in 1999; and the Rhode Island Supreme Court decision to which IDC points as triggering coverage came even later, in 2005. Commonwealth's coverage analysis after being put on notice in 1999 is not relevant to what IDC did or did not disclose to Commonwealth in 1997 or 1998. Commonwealth's coverage analysis is only relevant to a bad faith claim.

The Court has already directed that discovery relating to potential claims for bad faith is off limits for now. Case Management Order, ¶ 3. IDC argues that Commonwealth's evaluation of coverage "does not relate solely to any claims of bad faith in this action, rather it relates to the defense of IDC that the loss suffered under the policy bore no relation whatsoever to the harm alleged by Commonwealth." IDC Memo. at 4. This argument has three flaws.

First, IDC has not raised this "no relationship" defense in its answer. The only defenses IDC has raised are failure to state a claim on which relief can be granted, waiver and estoppel.

Second, even if IDC properly raised it, the "no relationship" defense is not available under Rhode Island law. *See Commercial Union Insurance Co. v. Pesante*, 459 F.3d 34 (1st Cir. 2006) (policy was voidable under R.I.G.L. § 27-18-16 even if the loss had nothing to do with the misrepresentation on the application); *Guardian Life Ins. Co. v. Tillinghast*, 512 A.2d 855, 859 (R.I. 1986) ("even without the aid of a statute such as § 27-18-16, we have concluded that a material misrepresentation, even though innocently made, is a basis for rescinding a contract.").

Third, even if the "no relationship" defense were available in Rhode Island, whether IDC's loss relates to the harm alleged will be determined by examining what facts IDC disclosed to Commonwealth in 1997 and 1998, and the decisions of the Rhode Island Supreme Court in 2004 and 2005. Commonwealth's coverage analysis is not relevant to that legal determination. IDC possibly hopes to find documents showing that Commonwealth believed that the harm and the loss are unrelated, yet still denied coverage. While that might be relevant to a bad faith claim, it is not evidence of whether a relationship between the harm and the loss exists in the first instance.

The Rhode Island Supreme Court has held that it is not bad faith for an insurer to assert its legal rights under an insurance policy. *Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1010 (R.I. 2002) (an insurer has "the right to debate a claim that is fairly debatable."). To show bad faith, a "plaintiff must demonstrate an absence of a reasonable basis in law or fact for denying the claim or an intentional or reckless failure to properly investigate the claim and subject the result to cognitive evaluation." *Id.* at 1012. Commonwealth is asserting several well-founded claims and policy defenses, and is not acting in bad faith. IDC's efforts to invade Commonwealth's claims file should be rejected.

**Conclusion**

For all of the foregoing reasons, IDC's motion to compel production of documents reflecting Commonwealth's coverage analysis should be denied.

COMMONWEALTH LAND TITLE
INSURANCE COMPANY

By its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor

Steven E. Snow (#1774)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903-7120
(401) 861-8200
(401) 861-8210 FAX

DATED: October 2, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing COMMONWEALTH LAND TITLE INSURANCE COMPANY'S OBJECTION TO IDC PROPERTIES, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY was filed with the Clerk of the United States District Court for the District of Rhode Island this 2nd day of October, 2006 and is available for viewing and downloading to the following ECF registered counsel of record:

W. Mark Russo, Esq. / Ferrucci, Russo P.C.
Christopher M. Mulhearn, Esq. / Ferrucci Russo P.C.
Deming E. Sherman, Esq. / Edwards Angell Palmer & Dodge LLP
Peter J. Haley, Esq. / Gordon Haley LLP

and that true copies have been forwarded by prepaid first class mail to the following ECF non-registered counsel:

Stephen F. Gordon, Esq.
Gordon Haley LLP
101 Federal Street
Boston, MA 02110

Beth E. Bookwalter, Esq.
Harold Hestnes, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

/s/ Robert K. Taylor

878383_1/6052-3