UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COMMONWEALTH LAND TITLE                 :
INSURANCE COMPANY,                      :
                    Plaintiff,          :
                                        :
        v.                              :           CA 01-400 T
                                        :
IDC PROPERTIES, INC.,                   :
                    Defendant/          :
                    Third Party         :
                    Plaintiff,          :
                                        :
        v.                              :
                                        :
TIMOTHY MORE and                        :
EDWARDS ANGELL PALMER DODGE LLP,        :
                    Third Party         :
                    Defendants.         :

**MEMORANDUM AND ORDER
DENYING IDC PROPERTIES, INC.'S
MOTION TO COMPEL**

Before the Court is the Motion of Defendant IDC Properties,
Inc.[,] to Compel Further Responses to Discovery from Plaintiff
Commonwealth Land Title Insurance Company (Document ("Doc.") #54)
("Motion to Compel" or "Motion").  A hearing on the Motion was
held on October 18, 2006.

To the extent that the Motion seeks to compel discovery
relative to actions or events involving Commonwealth Land Title
Insurance Company ("Commonwealth") and occurring prior to April
8, 2005, the date of the Rhode Island Supreme Court's decision in
America Condo. Assoc., Inc. v. IDC, Inc., 870 A.2d 434 (R.I.
2005) ("America Condominium II"), the Motion is denied for the
following reasons.  On October 31, 2005, Defendant IDC
Properties, Inc. ("IDC"), filed a motion for leave to conduct
additional discovery.  See Motion of Defendant IDC Properties,
Inc.[,] for Leave to Conduct Certain Additional Discovery (Doc.

#21) ("Motion for Additional Discovery"). The Motion for Additional Discovery was denied by Chief Judge Ernest C. Torres on December 2, 2005, because it did not contain an explanation of "what specific discovery would be sought and why it would be necessary in light of the Rhode Island Supreme Court's decision on rehearing in Am. Condo. Assoc., Inc. v. IDC, Inc., 870 A.2d 434 (R.I. 2005)." Order Denying Defendant's Motion for Leave to Conduct Certain Additional Discovery (Doc. #28) ("Order of 12/2/05").

On December 7, 2005, IDC moved for reconsideration of the Order of 12/2/05. See Motion of Defendant IDC Properties, Inc.[,] for Reconsideration of Order Denying Additional Discovery (Doc. #29) ("Motion for Reconsideration"). In support of the Motion for Reconsideration, IDC stated that:

> IDC seeks to discover the "cognitive evaluation" of its claim by the Plaintiff on and after April 8, 2005, the date of the decision in America Condominium II.

Motion for Reconsideration at 3.

On January 10, 2006, Chief Judge Torres granted the Motion for Reconsideration in part. See Order Granting, in Part, Motion for Additional Discovery (Doc. #30) ("Order of 1/10/06"). He granted permission for IDC to conduct discovery only "with respect to any new issues raised by the Rhode Island Supreme Court's decisions in Am. Condo. Assoc., Inc. v. IDC, Inc., 844 A.2d 117 (R.I. 2004), and Am. Condo. Assoc., Inc. v. IDC, Inc., 870 A.2d 434 (R.I. 2005)." Id.

It is clear, both from the face of the Motion and the responses of IDC's counsel at the October 18, 2006, hearing, that IDC is seeking to conduct discovery outside the boundary which IDC identified in its Motion for Reconsideration. Attached to the Motion is a Notice of Deposition which indicates that among the topics for which IDC seeks testimony from a representative of

Commonwealth pursuant to Fed. R. Civ. P. 30(b)(6) are:

> 3.      The title insurance policy issued to IDC
> Properties, Inc[.], including, but not limited to, the
> underwriting file and all files, communications,
> correspondence or memoranda which relate to the policy,
> the evaluation of any claims or potential claims under
> the policy and/or any investigation or analysis of any
> claims or potential claims under the policy.
>
> 4.      The title examinations performed prior to
> the issuance of the title policies and any other
> investigation, review, analysis or consideration of the
> request for title insurance[.]
>
> 5.      The identity, name, and current or last
> known address and telephone number of the examiner,
> identified by the initials "CFR" who authored the title
> examinations reflected in the Plaintiff's orders
> numbered 228716 and 228716A.
>
> 6.      Any and all communications with Chicago
> Title Insurance Company concerning the claims of IDC
> Properties, Inc., the application for title insurance
> by IDC Properties, Inc.[,] and the real property owned
> or formerly owned by IDC Properties, Inc.

Motion, Exhibit ("Ex.") A (Notice of Deposition), Attachment

("Att.") A (Ex. B).  The above topics plainly pertain to matters

occurring prior to April 8, 2005.

Similarly, IDC seeks to have Commonwealth produce documents

without regard to IDC's previously stated time limitation of "on

and after April 8, 2005 ...."  Motion for Reconsideration at

3.  This lack of limitation is evident in the following

document requests:

> 3.      All documents which constitute, concern,
> refer or relate to the title insurance policy issued to
> IDC Properties, Inc[.], including, but not limited to,
> the underwriting file and all files, communications,
> correspondence or memoranda which relate to the policy,
> the evaluation of any claims or potential claims under
> the policy and/or any investigation or analysis of any
> claims or potential claims under the policy.

      4.     All documents which constitute, concern, refer or relate to any and all title examinations related to the title insurance policies issued to IDC Properties, Inc[.], including, but not limited to, the examinations performed by the examiner, identified by the initials "CFR" who authored the title examinations reflected in the Plaintiff's orders numbered 228716 and 228716A.

      5.     All documents which constitute, concern, refer or relate to communications between the Plaintiff and Chicago Title Insurance Company concerning the claims of IDC Properties, Inc., the application for title insurance by IDC Properties, Inc.[,] and the real property owned or formerly owned by IDC Properties, Inc.

Motion, Ex. A (Notice of Deposition), Att. A (Ex. A).  Thus, the discovery sought by the Motion, both in terms of testimony and document production, does not comport with the limitation which was contained in the Motion for Reconsideration, i.e., documents pertaining to the "'cognitive evaluation' of [IDC's] claim by [Commonwealth] on and after April 8, 2005 ...." Motion for Reconsideration at 3.  Counsel for IDC also confirmed at the October 18, 2006, hearing, in response to a question from the Court, that the discovery being sought was not confined to the "cognitive evaluation" performed by Commonwealth on or after April 8, 2005, but also extended to the "cognitive analysis" Commonwealth performed at the time it made the decision to seek a declaration that there was no coverage.  Tape of 10/18/06 Hearing.  IDC's counsel responded affirmatively.  See id.

    This Court declines to compel Commonwealth to provide discovery broader than that which IDC represented it was seeking when it asked Chief Judge Torres to reconsider his Order of 12/2/05.  Accordingly, this Court denies the Motion to the extent that it seeks to compel discovery relative to matters occurring prior to April 8, 2005.

    The Court now turns to the question of whether the discovery

4

should be granted relative to matters occurring on or after April 8, 2005. Answering this question requires the Court to determine whether this discovery pertains to a "new issue[] raised by the Rhode Island Supreme Court's decisions ...." Order of 1/10/06. As explained hereafter, the Court concludes that it does not.

IDC seeks discovery relative to Commonwealth's evaluation of the claim in light of the Rhode Island Supreme Court decisions. Motion at 4. IDC asserts that Commonwealth's evaluation "relates to the defense of IDC that the loss suffered under the policy bore no relation whatsoever to the harm alleged by Commonwealth." Id. Thus, IDC appears to argue that the discovery is relevant to its lack of causation defense. See id.

The Court notes first that IDC previously requested leave to add "lack of causation" as an affirmative defense, see Transcript of 3/14/06 Hearing ("Tr.") at 25, and that Chief Judge Torres denied that request, see id. at 38-39. In doing so, Judge Torres commented that he did not see that this defense (and three other defenses which IDC sought to plead) did "anything other than further muddy the already muddy waters in this case."[1] Id. at 38. While not determinative of the present question, Judge Torres' action does not help IDC's argument. IDC is, in effect, asking that Commonwealth be required to provide discovery which is allegedly relevant to a defense that IDC has been denied permission to raise in its amended answer. See Tr. at 38-39; see also First Amended Answer and Counterclaim of IDC Properties, Inc.[,] and Demand for Trial by Jury (Doc. #32). Additionally,

---

[1] At the March 14, 2006, hearing on the Motion of Defendant IDC Properties, Inc.[,] for Leave to Serve Amended Answer and Counterclaim (Doc. #23) ("Motion to Serve Amended Answer"), IDC's counsel stated: "I would say that those defenses, with respect to lack of causation, set-off and unclean hands, the fourth, fifth and sixth affirmative defenses[,] are defenses that arise out of conduct on and after April 8th, 2005, and which is why we brought those defenses now." Transcript of 3/14/06 Hearing ("Tr.") at 26.

5

the fact that Judge Torres made this ruling after he had granted permission for Commonwealth to conduct additional discovery suggests that he did not view "lack of causation" as a new issue warranting additional discovery.

Next, it is questionable whether the "lack of causation" defense is available to IDC in light of the decisions in Commercial Union Insurance Co. v. Pesante, 459 F.3d 34, 38 (1st Cir. 2006)(holding that under Rhode Island law insurer had right to rescind marine insurance policy based on insured's material misrepresentation in application, even though there was no relationship between that misrepresentation and the subsequent loss), and Guardian Life Insurance Co. of America v. Tillinghast, 512 A.2d 855, 859 (R.I. 1986)(holding that insured's false statement on an application for disability insurance that materially affects the acceptance of risk will bar recovery and noting that a material misrepresentation is a basis for rescinding an insurance contract).  While this circumstance is again not determinative of the present question, it does not favor the granting of the Motion.

Lastly and most significantly, the Court fails to see any need for the instant discovery.  Commonwealth does not appear to contend that the loss was related to the harm,[2] see Commonwealth

---

[2] At the March 14, 2006, hearing Commonwealth's counsel stated:

> Our fundamental position is that Commonwealth would never have issued this policy had the information been disclosed that we say should have been disclosed ....
>     So our basic position is that there would not have been coverage at all because the insurance company never would have issued this policy had they known of the impending claims by the unit owners.
>
> . . . .
>
>     And so we don't see that the Supreme Court has changed that fundamental issue ....

Land Title Insurance Company's Objection to IDC Properties, Inc.'s Motion to Compel Further Response to Discovery (Doc. #55) ("Commonwealth's Objection") at 2, although Commonwealth does dispute that IDC has raised this "lack of causation" or "no relationship" defense in its answer, id.  Commonwealth continues to maintain that IDC withheld material facts about adverse claims against its title when it applied for coverage in 1997 and 1998. See id. at 1.  Thus, IDC does not need this discovery to support a lack of causation defense because there appears to be no dispute that the loss which IDC has suffered is unrelated to any alleged failure by IDC or its attorney to disclose information about the property to Commonwealth.

In short, the Court is unpersuaded that this discovery pertains to a "new issue" which is relevant to the question to be tried in Stage I of the trial.  See Case Management Order at 1-2. The Court agrees with Commonwealth that:

> even if the "no relationship" defense [is] available in Rhode Island, whether IDC's loss relates to the harm alleged will be determined by examining what facts IDC disclosed to Commonwealth in 1997 and 1998, and the decisions of the Rhode Island Supreme Court in 2004 and 2005.  Commonwealth's coverage analysis is not relevant to that legal determination.

---

Tr. at 7.  IDC's counsel described Commonwealth's position similarly:

> In this case, Commonwealth is saying, we don't have to provide title  insurance because IDC Properties didn't tell us about that fact that it was negotiating a tolling agreement and didn't tell us about the fact that there were challenges to the efficacy of the third, fourth and fifth amendments.

Id. at 9.
IDC's position, as confirmed by its counsel, is that IDC's alleged failure to have informed Commonwealth that the condominium owners were challenging the validity of the amendment creating the development rights is irrelevant because the Rhode Island Supreme Court determined in 2005 that IDC never had valid title in the first place.  See id. at 4-5.

7

Commonwealth's Objection at 2.  Accordingly, to the extent that the Motion seeks to compel discovery relative to actions or events involving Commonwealth on or after April 8, 2005, the Motion is denied.[3]

In summary, to the extent that the Motion seeks discovery relative to matters occurring before April 8, 2005, the Motion is denied because the discovery sought exceeds the scope which IDC represented it was seeking when it asked for reconsideration of the Order of 12/2/05.  To the extent that the Motion seeks discovery relative to matters occurring on or after April 8, 2005, the Motion is denied because the matters are not "new issues," Order of 1/10/06, relevant to the question to be tried at Stage I of the trial.

So ordered.


ENTER:                                    BY ORDER:

David L. Martin
_____                   _____
DAVID L. MARTIN                           Deputy Clerk
United States Magistrate Judge
October 23, 2006


---

[3] If Commonwealth's motion to sever IDC's bad faith counterclaim and/or IDC's third-party complaint is denied, this Court would be inclined to reconsider this portion of its ruling.  Even Commonwealth appears to agree that some of the discovery sought by the Motion is relevant to IDC's bad faith claim.  See Commonwealth's Objection at 1-2.  While discovery pertaining to bad faith is presently stayed, see Case Management Order (Doc. #52) ¶ 3, this would presumably change if the motion to sever is denied.

8