UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br>Defendant and Third Party Plaintiff<br><br>v.<br><br>TIMOTHY MORE, and<br>EDWARDS ANGELL PALMER DODGE LLP<br><br>Third Party Defendants. | Civil Action No. 01-400 T |

OPPOSITION OF IDC PROPERTIES, INC. TO MOTION OF TIMOTHY MORE AND EDWARDS ANGELL FOR SUMMARY JUDGMENT

IDC Properties, Inc. ("IDC"), the Defendant and Third Party Plaintiff in the above-caption civil action, opposes the Motion of Timothy More and Edwards Angell for Summary Judgment. In support of this Opposition, IDC relies upon the following documents filed contemporaneously herewith:

1. Response to Statement of Undisputed Material Facts of Third Party Plaintiff IDC Properties, Inc. in Opposition to Motion of Timothy More and Edwards Angell for Summary Judgment;

2. Memorandum of IDC Properties, Inc. in Opposition to Motion of Timothy More and Edwards Angell for Summary Judgment;

3. Affidavit of Thomas Roos in Opposition to Motions of Plaintiff and Third Party Defendant for Summary Judgment; and

4. Affidavit of Counsel Appending Exhibits in Opposition to Motions of Plaintiff and Third Party Defendant for Summary Judgment.

Wherefore, IDC Properties, Inc. requests that the Court deny the Motion of Timothy More and Edwards Angell for Summary Judgment and grant such other and further relief as is just.

IDC PROPERTIES, INC., Defendant

By its attorneys,

/s/ W. Mark Russo________________
W. Mark Russo #3937
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
*Pro Hac Vice*
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

Dated: June 29, 2007

P:\Clients\Roos\Newport\Plead\Opposition to Summary Judgment EAPD.doc

**Certification**

I hereby certify that on this 29th day of June, 2007, I served a true and accurate copy of the foregoing upon the following via e-mail.

**Steven E. Snow, Esq. -** ses@psh.coml; tlc@psh.com

**Deming E. Sherman, Esq.**
dsherman@eapdlaw.com

**Peter J. Haley, Esq.** haley@gordonhaley.com; Haggerty@gordonhaley.com; notices@gordonhaley.com

**Stephen F. Gordon, Esq.**
sgordon@gordonhaley.com; haggerty@gordonhaley.com; notices@gordonhaley.com

I hereby certify that on this 29th , day of June 2007, I served a true and accurate copy of the foregoing upon the following via first-class mail.

Beth E. Bookwalter, Esq.
Harold Hestnes, Esq.
**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, MA 02109

/s/ W. Mark Russo_________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COMMONWEALTH LAND TITLE INSURANCE COMPANY,

Plaintiff,

v. — Civil Action No. 01-400 T

IDC PROPERTIES, INC.,
Defendant and Third Party Plaintiff

v.

TIMOTHY MORE, and
EDWARDS ANGELL PALMER DODGE LLP

Third Party Defendants.

MEMORANDUM OF IDC PROPERTIES, INC. IN OPPOSITION TO MOTION OF TIMOTHY MORE AND EDWARDS ANGELL FOR SUMMARY JUDGMENT

## Introduction

The Third Party Plaintiff IDC Properties, Inc. ("IDC Properties") submits this memorandum in opposition to the motion of Defendants Timothy More ("More") and Edwards Angell Palmer & Dodge LLP ("E&A") for summary judgment. More and E&A seek the entry of summary judgment dismissing the claims of IDC Properties against them on the grounds that those claims are barred by the statute of limitations. IDC Properties opposes the motion on the grounds that there is a genuine issue of material fact as to when the cause of action arose, whether or not the statute should be tolled by reason of the doctrine of continuous representation

or on other equitable grounds and that IDC Properties has established a case for indemnification under the law of Rhode Island.

Facts

IDC Properties incorporates by reference the Response And Statement Of Undisputed Material Facts Of Third Party Plaintiff IDC Properties, Inc. In Opposition To Motion Of Timothy More And Edwards Angell For Summary Judgment and summarizes the facts set forth therein below.

On May 29, 1999, the condominium associations of America Condominium, Capella South Condominium and Harbor House Condominium, (collectively the "Condominium Associations") commenced an action against IDC Properties, Inc. On June 13, 2001 the Rhode Island Superior Court in and for the County of Newport (the "Superior Court") entered a judgment on the parties' cross motions for partial summary judgment determining that the Third, Fourth and Fifth Amendments to the master declaration establishing the Goat Island South – a Waterfront Condominium (the "GIS condominium") were null and void by reason, amongst other things, of the failure to solicit the votes of the individual condominium unit owners. The Superior Court entered an Order declaring the amendments null and void, declaring IDC's "right to develop Goat Island" as "expired" and declaring that the Master Association was without right to act in behalf of the "unit owners." Both IDC and the Condominium Associations then pursued cross appeals to the Rhode Island Supreme Court seeking to determine the status of the title to the South, West and North Units. America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), decision clarified on reargument, America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

On August 24, 2001, the Plaintiff in this case, Commonwealth, commenced this action for a declaratory judgment. The gravamen of the Plaintiff's complaint was that IDC had not informed it about a dispute with the Condominium Associations which implicated the efficacy of the Third, Fourth and Fifth Amendments as reflected by the summary judgment decision issued on June 13, 2001. Discovery in this action took place through early 2003. This action was subsequently stayed from April 9, 2003 through August 11, 2005.

On March 23, 2004, the Rhode Island Supreme Court issued a 51 page opinion in the State Court Litigation making new determinations about the ownership of the Property. The opinion included a 22 page dissent, (Flanders, J.). Id. America Condominium Association, Inc. et al v. IDC, Inc., 844 A.2d 117 (R.I. 2004) (*America Condominium I*), decision clarified on reargument, America Condominium Association, Inc. et al v. IDC, Inc., 870 A.2d 434 (R.I. 2005) (*America Condominium II*).

The Supreme Court subsequently granted the Defendant's petition for re-argument and, on April 8, 2005, issued its opinion in *America Condominium II*. In *America Condominium I* the Supreme Court affirmed the Superior Court's findings that the Third, Fourth and Fifth Amendments were null and void. Notably, there was never any challenge to the validity of the Sixth Amendment creating the North Unit. See, America Condominium I, 844 A.2d at 124 n. 12. The Supreme Court went on to determine in *America Condominium I*, however, that title to the West, South and North Units, had, as a result of the failure of the Third, Fourth and Fifth Amendments, then vested in "the individual unit owners in fee simple." Id., at 133. In *America Condominium II*, the Supreme Court reconsidered and withdrew this finding. In *America Condominium II*, the Supreme Court looked more closely at the creation of the South, West and North Units and paid particularly close attention to the assertion of IDC, that, regardless of the

status of its development rights, it remained the owner of the Master Units, which consisted of the airspace over and above the land underlying the South, West and North Units. The Supreme Court concluded that

> A Unit is not simply created by describing a parcel of real estate, whether or not it be airspace only, and designating it as a unit (or a master unit) in declaration of a condominium. There must also be compliance with the [Rhode Island Condominium] Act.

America Condominium II, 870 A.2d at 442.

The Supreme Court, in *America Condominium II*, determined, quite apart from the dispute over development rights, that the original creation of the West and South Units was not in compliance with the Rhode Island Condominium Act and accordingly, "because the South and West Units were never validly created units within the meaning of the Act, they were, and remain, common elements." 870 A.2d at 440. The Supreme Court reached the same conclusion with respect to the North Unit ("Consequently, these portions of the condominium always were, and remain common elements.") 870 A.2d at 442.

At all times during the proceedings summarized above and through February, 2006 IDC Properties was represented by E&A and More. More consulted with IDC Properties, through its counsel, about the conduct of this litigation and actively consulted and advised Tom Roos, the President of IDC Properties, about the matters at issue in *America Condominium I* and *America Condominium II*. Roos at no time prior to April, 2004, believed or understood that IDC Properties was at any risk for losing title to the Property. Indeed after the commencement of the *America Condominium* litigation, E&A and More issued a written opinion that IDC Properties had the full right to develop the North, South and West development units. [Affidavit of Counsel, Exhibit E; Exhibit A, Deposition of Timothy More, hereinafter "Dep. More" p. 44,ll. 14-20]

Roos relied on this advice and the statements and testimony of More in this action that he had advised Commonwealth about the disputes between IDC Properties and the Condominium Associations [Dep. More p. 62 -64]. Roos had no reason to disbelieve the testimony or not to rely upon it.

## Argument

### I. Applicable Standard On Summary Judgment

Summary judgment is properly granted only if the movant can demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Velez-Rivera v. Agosta-Alicea, 437 F. 3d 145 (1st Cir. 2006). When determining a motion for summary judgment, the Court reviews the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor . Foraste v. Brown University, 290 F.Supp.2d 234 (D.R.I. 2003) citing Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir.2002); Mesnick v. General Electric Co., 950 F.2d 816, 820 (1st Cir.1991); Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir.1990).

### II. The Date on Which the Statute of Limitations Commenced is a Genuine Issue of Material Fact

In order to prevail on a legal malpractice claim, a client is required to prove that an attorney has been negligent, and that the attorney's negligence is the proximate cause of the loss Vallinoto v. DiSandro 688 A.2d 830, 834 (R.I.1997) citing Scuncio Motors, Inc. v. Teverow, 635 A.2d 268 (R.I.1993) (per curiam). An attorney malpractice claim requires proof that actual damages resulted from the attorney's alleged breach of the duty arising out of the attorney-client relationship. Id. The Rhode Island statute of limitations provides that "an action for legal malpractice shall be commenced within three (3) years of the occurrence of the incident that

gave rise to the action." G.L. 1956 § 9-1-14.3. It is axiomatic that an act which does not result in damages, does not give rise to a cause of action for legal malpractice.

E&A and More have at times in this action argued that the statute of limitations began to run in December,1997 when Tim More allegedly failed to inform the Plaintiff Commonwealth of the potential dispute between the Condominium Associations and IDC Properties prior to the issuance of the January, 1998 title insurance policy and the amendment of that policy in February, 1999. It is obvious that the statute of limitations could not have commenced on those dates for the simple reason that had IDC Properties commenced an action against More and E&A for legal malpractice in April of 1998, that action would have failed for lack of damages.

The Rhode Island statute of limitations further provides that " In respect of those injuries due to legal malpractice which could not in the exercise of reasonable diligence be discoverable at the time of the occurrence of the incident which gave rise to the action, suit shall be commenced within three (3) years of the time that the acts of legal malpractice should have in the exercise of reasonable diligence been discovered." G.L. 1956 § 9-1-14.3(2). The so-called discovery provision commences with the words "In respect of those injuries due to legal malpractice." Before "injuries" can be "discovered" they must occur.

In Rosen Construction Ventures, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., 364 F.3d 399 (2004), the First Circuit reversed in part a grant of summary judgment for the defendant law firm arising out of its alleged negligent drafting of a contract. In reviewing whether the initiation of a state court action in which the efficacy of the contract in question was first challenged should have been the trigger for the accrual of the statute of limitations, the court observed that " [i]f a lawsuit has been filed that implicates the work of their lawyer, the outcome of that lawsuit may be highly relevant to a critical question in the accrual analysis whether the

clients should have known that their lawyers, rather than their adversaries, were responsible for the harm caused by the legal problem at issue in the lawsuit." 364 F.3d at 413. The Court went on to observe that it does not necessarily follow that every time a transaction is challenged in court, the Defendants must immediately start a cause of action against the lawyers involved. To do so, the Court observed, would "create a rule requiring the client in any contract dispute to immediately bring malpractice proceedings against his attorney. We decline to adopt such an untenable rule." Id.

E&A and More turn the holdings in Rosen Ventures upside down by arguing that the First Circuit has established that incurring legal fees was "harm," in making this argument E&A and More ignore the fact that in order for the cause of action to accrue for legal malpractice the harm must be connected to the alleged wrongful act of the attorney. Id. at 407.

E&A and More settle on September 28, 2001, the date IDC Properties answered the Complaint in this action as the date the cause of action accrued. The last date for commencing an action under this analysis would have been in 2004, during the period in which this action was stayed between April 9, 2003 and August 11, 2005. Ironically, on September 28, 2001 More provided a memorandum to IDC Properties' counsel, William Landry, stating that he was confident that he told Commonwealth that "there were disagreements with the unit owners relating to title." [Affidavit of Counsel, Exhibit F] At a deposition conducted on January 7, 2003, More was asked what his reaction was upon being informed that Commonwealth had commenced this suit, More responded:

> I had two. One was that it seemed like a strange lawsuit because of the fact that the title insurance was predominantly related to the title to the North Development Unit, which I didn't think there was any question as to; and secondly, that since the case hadn't – since nobody had ever decided that title was defective, it seemed to me it was a premature lawsuit; and, thirdly, that I couldn't see what the basis Commonwealth had for saying it hadn't issued a valid title insurance policy…" [Affidavit of Counsel, Exhibit O, Dep. More 1/7/03, p. 126, l.16 – p. 127, l. 2]

It is based on this same "premature" lawsuit that More and E&A now argue to the Court that IDC Properties should have been alerted to commence an action against More and E&A in 2001. The fixing of a date from which the statute of limitations should run presents a genuine issue of material question of fact which should be decided at trial. Richmond Square Capital Corporation v. Mittleman, 689 A.2d 1067, 1069 (R.I. 1997)

III. The Statute of Limitations Should be Tolled By the Doctrine of Continuing Representation

More and E&A represented IDC Properties from 1994 through February, 2006. [Affidavit of Counsel, Exhibits L,M] The involvement of E&A in the legal affairs of IDC Properties was complete. Indeed the summons in this action was served on E&A as the registered agent for IDC Properties. [Affidavit of Counsel, Exhibit D] Following the commencement of this action, More continued to provide advice and direction to IDC Properties through February, 2006 on the matters related to the title to its Property and on the facts and circumstances related to this case. [Affidavit of Roos, ¶ 18]

Rhode Island recognizes the continuing representation doctrine. Id. That doctrine generally provides that a person seeking professional assistance has a right to repose confidence in the professional's ability and good faith. Feddersen v. Garvey, 427 F.3d 108, 114 (1st Cir. 2005) (citations omitted) The doctrine acts to toll the statute of limitations while the defendant

attorney in a malpractice case continues to represent the plaintiff. Id. (citations omitted). While neither More nor E&A represented IDC Properties in this action, they were actively involved in providing advice and counsel to IDC Properties with respect to its right to retain title to the Property. IDC Properties reasonably relied on More and E&A in continuing to have faith in the November, 1999 opinion letter and in continuing to rely upon More's truthfulness and accuracy in stating that he had informed Commonwealth of the issues relating to the disputes with the Condominium Association.

More & E&A argue in effect, that IDC Properties had no basis to delay the commencement of the claims against them based on their testimony and legal opinions that the claims of Commonwealth and the Condominium Associations would be ultimately unsuccessful.

a. The statute of limitations should be tolled by reason of the conflict created by having to bring a claim which is inconsistent with the defense of the underlying action.

Some jurisdictions recognize the inherent conflict created for plaintiffs in professional liability actions by having to bring such an action which may compromise a dispute with a third party. See, Feddersen at 114-115 citing Clark v. Deloitte & Touche LLP, 34 P.3d 209, 217-18. (Utah 2001). The Court has recognized at prior oral argument that very conflict in this case. The Plaintiff Commonwealth alleges that it should be relieved of liability under the title insurance policy by the bad acts of More on behalf of IDC Properties. In order to successfully defend that action, IDC Properties must prove that E&A and More acted consistent with any obligations to Commonwealth. Forcing IDC to immediately commence an action against E&A and More unfairly and inequitably compromises its defense of the underlying action.

## IV. IDC Properties Has Established a Claim for Indemnification

Count I of the Third party Complaint states a cause of action for indemnification. A cause of action for equitable indemnification is established under the law of Rhode Island where 1) a party seeking indemnification is liable to a third party, 2) the prospective indemnitor is also liable to the third party and 3) as between the prospective indemnitee and indemnitor the obligation ought to be discharged by the indemnitor. <u>Rhode Island Depositors Economic Protection Corp. v. Hayes</u>, 64 F.3d 22, 26 (1st Cir. 1995). (citations omitted) In the instant case, IDC Properties is prospectively liable to Commonwealth by reason of the alleged failure to disclose information. Rhode Island has recognized that an attorney can be directly liable for injuries to third parties when his conduct is fraudulent. <u>Toste Farm Corp. v. Hadbury</u>, 798 A.2d 901, 907 (R.I. 2002) As between IDC Properties, which played no role in procuring the policy, More and E&A who committed any wrongful act that may have occurred, the equities favor IDC Properties.

E&A and More argue that IDC Properties has no liability to Commonwealth because the relief sought is in the form of declaratory judgment. This argument, however, ignores the very real and very substantial loss facing IDC Properties, the $12 million value of the title insurance policy. The argument that there is no affirmative recovery sought is an unjustified attempt to impose a construction and limitation on an equitable remedy which is not supported by the facts of this case.

<u>Conclusion</u>

Wherefore, IDC Properties prays that the Court deny the motion of Defendants Timothy More ("More") and Edwards Angell Palmer & Dodge LLP ("E&A") for summary judgment and that the Court grant such other and further relief as is just.

IDC PROPERTIES, INC., Defendant

By its attorneys,

/s/ W. Mark Russo ____________________

W. Mark Russo #3937
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
*Pro Hac Vice*
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

Dated: June 28, 2007

P:\Clients\Roos\Newport\Plead\Memorandum in Opposition to Summary Judgment EAPD.doc

**Certification**

I hereby certify that on this 29th day of June, 2007, I served a true and accurate copy of the foregoing upon the following via e-mail.

**Steven E. Snow, Esq. -** ses@psh.coml; tlc@psh.com

**Deming E. Sherman, Esq.**
dsherman@eapdlaw.com

**Peter J. Haley, Esq.** haley@gordonhaley.com; Haggerty@gordonhaley.com; notices@gordonhaley.com

**Stephen F. Gordon, Esq.**
sgordon@gordonhaley.com; haggerty@gordonhaley.com; notices@gordonhaley.com

I hereby certify that on this 29th day of June, 2007, I served a true and accurate copy of the foregoing upon the following via first-class mail.

Beth E. Bookwalter, Esq.
Harold Hestnes, Esq.
**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, MA 02109

/s/ W. Mark Russo_________