UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br>Defendant and Third Party Plaintiff<br><br>v.<br><br>TIMOTHY MORE, and<br>EDWARDS ANGELL PALMER DODGE LLP<br><br>Third Party Defendants. | Civil Action<br>No. 01-400 T |

RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS OF THIRD PARTY PLAINTIFF IDC PROPERTIES, INC. IN OPPOSITION TO MOTION OF TIMOTHY MORE AND EDWARDS ANGELL FOR SUMMARY JUDGMENT

The Third Party Plaintiff IDC Properties, Inc. ("IDC") in accordance with Local Rule Cv 56 responds to the numbered paragraphs of the Statement of Undisputed Material Facts of Third Party Defendants Timothy More and Edwards Angell Palmer & Dodge LLP ("EAPD") which it contests and otherwise states as follows:

Response To Third Party Defendant's Statement Of Material Facts

13. On May 29, 1999, the condominium associations of America Condominium, Capella South Condominium and Harbor House Condominium, (collectively the "Condominium Associations") commenced an action against IDC Properties, Inc. Although Blish & Cavanaugh was designated to represent the corporation with respect to the suit, Mr. More and Edwards & Angell ("E&A") continued to advise and direct IDC Properties with respect to conduct of that

matter. When the lawsuit was commenced Tom Roos sought reassurance from Tim More that the Condominium Associations would not prevail and that IDC would have the right to develop the units. Mr. More assured Roos that was the case and E&A issued a written opinion which they reviewed and shared with Bill Landry, counsel at Blish &Cavanaugh. More also advised and directed IDC with respect to the matters attendant to the conduct of the suit by the Condominium Associations and continued to do so through February, 2006. After the entry of the summary judgment decision in June, 2001, Roos continued to believe, based on assurances from More, that the decision would not have any impact on IDC Properties' ability to develop the North Unit. (Affidavit of Thomas Roos, ¶¶ 14-17)

<u>IDC Properties Statement Of Undisputed Materials Facts</u>

22. At the time of the acquisition of the Goat Island property (the "Property") by IDC Properties in 1994, IDC Properties was represented by Edwards & Angell ("E&A"). In connection with the Goat Island acquisition and development, IDC Properties, through its President Tom Roos, dealt most closely with the responsible real estate partner, Timothy More. (Affidavit of Thomas Roos, ¶ 3, 4 )

23. During this period Roos relied upon E&A for advice and direction concerning the acquisition and the subsequent development of the Property. At the same time, E&A represented Roos and all of the closely held entities that were created in connection with the development. E&A acted as general counsel overseeing the organization and on going legal needs of the following entities: IDC, Inc., IDC Marina, Inc., IDC Hotel, Inc., IDC Clambakes, Inc., IDC Properties, Inc., IDC Charters, Inc., IDC Rumrunner, Inc., Goat Island Grill, Inc., Ocean Club Development, Inc., Historic Resorts, Inc. and Newport Times Resort, Inc. . (Affidavit of Thomas Roos, ¶ 5, Affidavit of Counsel, ¶ 4, Exhibit C)

24. E&A prepared annual reports, acted as agent for service of process and generally oversaw all legal matters attendant to these entities. Although from time to time, on various matters, one or more entitles would use the resources of other local counsel in Newport or elsewhere. Those matters were initially were referred to E&A and E&A would otherwise consult and direct Roos and the entities with respect to the conduct of those actions. This relationship continued through February, 2006. . (Affidavit of Thomas Roos, ¶ 6 )

25. In the instant action, the Complaint in this matter was served on Mr. Rogers as the representative of IDC Properties, Inc. . (Affidavit of Thomas Roos, ¶ 7, Affidavit of Counsel, ¶ 5, Exhibit D )

26. At the time that IDC, Inc. acquired the interests in Goat Island with plans to develop the Property, Roos had no particular knowledge about Rhode Island condominium law or real estate law in general. While Roos had access to capital and used various advisors to assist him, Roos did not have any particular experience or knowledge as to the legal or business issues involved in the development and Roos relied heavily upon Rogers, More and E&A to advise and direct him in connection with those efforts. . (Affidavit of Thomas Roos, ¶ 8)

27. Subsequent to the acquisition of the Property, IDC Properties became involved in a number of disputes with the condominium associations connected to the development. Roos' understanding of these disputes from E&A and More was that the focus of the disputes revolved around payment of common area charges, responsibility for real estate taxes and other disputes having to do with the conduct of the business at the marina and the proposed wedding and banquet facility that IDC Properties was constructing on the North Unit. IDC Properties relied upon More to advise and direct it with respect to these issues. At no time through April, 2004, did Roos have any understanding, belief or knowledge, that his ownership of the Property could

be successfully challenged and that he would lose access to and control of the real estate. . (Affidavit of Thomas Roos, ¶ 9 )

28. In December 1997, IDC Properties was in the process of evaluating the North Unit for development, making initial plans to construct buildings on the site and undertaking exploratory excavation work in connection with the main building. Primary construction on the main building commenced in January 1998 and took place through July, 1998. A certificate of occupancy for this building was issued in October, 1998. From 1999 through July 2000, IDC Properties undertook the construction of an additional building on the North Unit known as the Gazebo. . (Affidavit of Thomas Roos, ¶ 10 )

29. In 1997 and 1998, prior to embarking on the construction of the facility and the additional buildings on the North Unit, More advised IDC Properties that it could obtain title insurance for the Property and Roos asked him to obtain the policies. Roos never had any contact with anyone from the Plaintiff Commonwealth Land Title or had any involvement, discussion or other concerns or knowledge about the title insurance policy. . (Affidavit of Thomas Roos, ¶ 12 )

30. In connection with the dispute with the condominium associations, More and Rogers also represented IDC Properties with respect to the negotiation of a Tolling Agreement that was part of that dispute. At no time, did IDC Properties have any understanding, knowledge or belief that the condominium associations could take title to the remaining land on Goat Island. . (Affidavit of Thomas Roos, ¶ 13 )

31. More and E&A advised Roos about the conduct of the litigation with the condominium associations of America Condominium, Capella South Condominium and Harbor House Condominium, (collectively the "Condominium Associations). Although Blish & Cavanaugh was designated to represent the corporation with respect to the suit, More and E&A

continued to advise and direct IDC Properties with respect to conduct of that matter and E&A issued a written opinion indicating that IDC Properties would continue to have the ability to develop the Property. . (Affidavit of Thomas Roos, ¶ 14)

32. Mr. More also advised and directed IDC Properties with respect to the matters attendant to the conduct of the suit by the Condominium Associations and continued to do so through February, 2006. (Affidavit of Thomas Roos, ¶ 16,. Affidavit of Counsel, ¶ 14, Exhibit M)

33. After the entry of the summary judgment decision in June, 2001, Roos continued to believe, based on assurances from More, that the decision would not have any impact on IDC Properties ability to develop the North Unit. . (Affidavit of Thomas Roos, ¶ 17)

34. When this action was commenced in August of 2001, Roos did not view it as separate and apart from the Condominium Association litigation. Roos continued to rely upon More's opinion and that of E&A , that it would prevail and that there would not be any threat to the title to the Property. More as counsel to IDC Properties provided memoranda and information to Roos, through his counsel, affirming these positions. . (Affidavit of Thomas Roos, ¶ 18, Affidavit of Counsel, ¶ 7, Exhibit F)

35. During the conduct of this suit, IDC Properties paid More legal fees for preparing for his deposition and otherwise providing direction and guidance to its counsel in connection with this matter. E&A played an independent and important role in this matter, reviewing responses to interrogatories in this matter, discussing the matter with counsel who had been engaged and at the time the condominium association entered the Property, representing IDC Clambake by putting it into a receivership to stop the action. . (Affidavit of Thomas Roos, ¶ 20, Affidavit of Counsel, ¶ 8, Exhibit G)

36. IDC Properties, through its President, Tom Roos, relied on E&A and More's advice and his testimony with respect to this matter. (Affidavit of Thomas Roos, ¶ 21)

37. In October, 2005, IDC Properties, Inc. engaged new counsel in this matter and filed a motion to add a third party complaint against E&A. (Affidavit of Thomas Roos, ¶ 22 )

38. E&A's and More's representation of IDC Properties ended in February, 2006. (Affidavit of Counsel, ¶ 13, 14 Exhibits L, M)

IDC PROPERTIES, INC., Defendant

By its attorneys,

/s/ W. Mark Russo____________
W. Mark Russo #3937
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Stephen F. Gordon (Mass BBO#203600)
Peter J. Haley (Mass BBO#543858)
*Pro Hac Vice*
Gordon Haley LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 261-0100
Fax: (617) 261-0789

Dated: June 28, 2007

P:\Clients\Roos\Newport\Plead\Statement of Undisputed Facts EAPD with para corrected.doc

## Certification

I hereby certify that on this 29th day of June, 2007, I served a true and accurate copy of the foregoing upon the following via e-mail.

**Steven E. Snow, Esq. -** ses@psh.coml; tlc@psh.com

**Deming E. Sherman, Esq.**
dsherman@eapdlaw.com

**Peter J. Haley, Esq.** haley@gordonhaley.com; Haggerty@gordonhaley.com; notices@gordonhaley.com

**Stephen F. Gordon, Esq.**
sgordon@gordonhaley.com; haggerty@gordonhaley.com; notices@gordonhaley.com

I hereby certify that on this 29th day of June, 2007, I served a true and accurate copy of the foregoing upon the following via first-class mail.

Beth E. Bookwalter, Esq.
Harold Hestnes, Esq.
**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, MA 02109

/s/ W. Mark Russo_________