# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br>Defendant,<br><br>v.<br><br>TIMOTHY MORE AND EDWARDS ANGELL PALMER & DODGE LLP,<br>Third Party Defendants. | C.A. No. 01-400-T |

**REPLY OF COMMONWEALTH LAND TITLE INSURANCE COMPANY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Commonwealth Land Title Insurance Company ("Commonwealth"), through counsel, submits the following reply memorandum in support of its motion for summary judgment.

Defendant and Third Party Plaintiff IDC Properties, Inc. ("IDC") argues in its memorandum in opposition to Commonwealth's motion for summary judgment ("IDC Memorandum") that Commonwealth "seeks to impermissibly transfer its own obligations of due diligence" onto IDC. IDC Memorandum at 2. Tellingly, IDC does not cite a single case in support of this argument. Nor does IDC address in its brief the cases cited by Commonwealth which set forth the duty of an insured to disclose material facts not of record. This common law duty is incorporated into IDC's title policy, which expressly excludes coverage for adverse claims known to the insured, and not disclosed to the insurance company in writing. Commonwealth Memorandum at 2.

Commonwealth was not required to investigate, prior to issuing the policy, whether IDC was making full disclosure of off-record claims against its title. It was entitled to rely on IDC's agent, Timothy More, who undeniably had a thorough knowledge of such claims, to bring them to Commonwealth's attention. More's deposition testimony establishes that he was aware of explicit threats against the core interest Commonwealth was asked to insure, IDC's title to the North Development Unit, as well as against IDC's development rights. Commonwealth UF No. 12. He also knew of, but did not disclose, the Tolling Agreement that temporarily forestalled litigation that "would otherwise be inevitable," including litigation over IDC's ownership of the North Development Unit. Commonwealth UF No. 17. The reasoning ultimately adopted by the Rhode Island Supreme Court in ruling on the unit owners' challenge to IDC's title in 2005 is immaterial to IDC's obligation to disclose adverse title claims and the Tolling Agreement in 1997. More should have made full disclosure to allow Commonwealth to accurately evaluate the risks if it issued a policy. As he admitted during his deposition, he knew that title companies do not like to buy litigation. Commonwealth UF No. 15. Furthermore, Timothy More and Michael Mellion had a common understanding that the insured would fully disclose material facts. Id.

IDC does not dispute that knowledge of the litigation threats and Tolling Agreement would have caused Commonwealth not to issue the policy in early 1998. Commonwealth UF No. 21. IDC instead argues that it is Commonwealth's fault that it did not discover this information until after IDC was sued in 1999. IDC argues that Commonwealth should have known to dig deeper because, when it issued the policy in early 1998, the Newport Tax Assessor had not assigned a plat and lot number to the as yet undeveloped North Development Unit. IDC Memorandum at 8. IDC does not explain, much less offer evidence, why this should have been a red flag that IDC's title was actively disputed. IDC also does not

dispute that Commonwealth advised More that the land did not have a plat and lot number, and More did not contradict Commonwealth's understanding that they would be assigned after development occurred. Commonwealth UF No. 19.

IDC also argues that a note made by Commonwealth's title examiner in 1999 (when the policy was amended to increase coverage and add the West and South Units, and Commonwealth ran a title search forward from the date the policy was issued in early 1998) is significant. IDC Memorandum at 8. Yet the note reflects that Commonwealth's title examiner reviewed the recorded amendments to the Master Declaration at that time, and concluded that IDC's development rights regarding the West and South Units had been extended. Not surprisingly, Commonwealth relied on its own review of title documents, not on the understanding of a municipal tax assessor. Mellion 8/31/06 Depo. pp. 62-63 (IDC Exhibit B in Opposition to Motions of Plaintiff and Third Party Defendant for Summary Judgment). IDC does not dispute that Timothy More did nothing in 1999 to warn Commonwealth that adverse claims by the unit owners were imminent. Commonwealth UF No. 22. Those claims were first made public in a Superior Court complaint filed May 29, 1999, just a few weeks after Commonwealth issued the amended policy requested by More.

More's testimony is unequivocal that he has no real recollection of telling Michael Mellion about the explicit threat of litigation over IDC's title to the North Development Unit. Commonwealth UF No. 20. He admitted having no recollection during his deposition in this matter in 2002. *Id.; see* Commonwealth Memorandum at 12-13. He admitted having no recollection in a written memorandum prepared for IDC's litigation counsel in January 2003. IDC Ex. A (More Depo. at 39), and IDC Ex. F (More Depo. Ex. 11) ("I cannot recall if we discussed the potential for litigation . . . ."). While More may "believe it is likely that the issue did come up," *id.*, his speculation is not sufficient to create a material issue of fact. *Medina-*

*Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (non-moving party must show more than "conclusory allegations, improbable inferences or unsupported speculation" to establish genuine issues of material fact). IDC does not dispute that "Mellion never asked More if there were any threatened or potential claims against the Property." IDC Memorandum at 8. Mellion never asked because More did not put Mellion on notice of the adverse title claims by the unit owners.

By making affirmative representations to Commonwealth about some things, More assumed a duty to fully disclose all information necessary to avoid creating a misleading impression. More carefully avoided making the full and fair disclosure that he knew would cause Commonwealth to decline to issue title coverage. Instead he disclosed limited, select information, designed to calm any concerns Commonwealth might have had about IDC's rights. Commonwealth's motion for summary judgment should be granted.

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Steven E. Snow (#1774)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com
rkt@psh.com

Dated: July 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing REPLY OF COMMONWEALTH LAND TITLE INSURANCE COMPANY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was filed with the Clerk of the United States District Court for the District of Rhode Island this 13th day of July, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

W. Mark Russo, Esq. / Ferrucci, Russo P.C.
Christopher M. Mulhearn, Esq. / Ferrucci Russo P.C.
Deming E. Sherman, Esq. / Edwards Angell Palmer & Dodge LLP
Peter J. Haley, Esq. / Gordon Haley LLP
Stephen F. Gordon, Esq. / Gordon Haley LLP
John G. Fabiano, Esq. / Wilmer Cutler Pickering Hale & Dorr LLP
Harold Hestnes, Esq. / Wilmer Cutler Pickering Hale & Dorr LLP
Benjamin M. Stern, Esq. / Wilmer Cutler Pickering Hale & Dorr LLP
William R. Landry, Esq. / Blish & Cavanagh, LLP
Thomas E. Romano, Esq. / Blish & Cavanagh, LLP

/s/ Robert K. Taylor

927278_1/6052-3