**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| COMMONWEALTH LAND TITLE INS. CO., Plaintiff, v. IDC PROPERTIES, INC., Defendant and Third Party Plaintiff, v. TIMOTHY MORE and EDWARDS ANGELL PALMER & DODGE LLP, Third Party Defendants. | ) | Case No. 01-400-T |

**REPLY MEMORANDUM IN SUPPORT OF**
**<u>THIRD PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

## I. INTRODUCTION

Third Party Defendants Edwards Angell Palmer & Dodge LLP, formerly Edwards & Angell LLP ("Edwards & Angell"), and Timothy More ("More") (collectively, the "Third Party Defendants") submit this Reply Memorandum in further support of their Motion for Summary Judgment, (Docket No. 69), and in reply to IDC Properties, Inc.'s ("IDC's") Memorandum in Opposition (Docket No. 78).

## II. ARGUMENT

### A. IDC Seeks To Create Material Facts From Irrelevant Issues.

Summary judgment is appropriate when "there is no genuine issue as to any *material* fact and … the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added); *see also Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990) ("A genuine issue of material fact does not spring into being simply because a litigant claims that one exists.").

After conceding, at the May 9, 2007 status conference, that there are no genuine issues of material fact regarding whether its claims against the Third Party Defendants are time-barred by Rhode Island's three-year statute of limitations for legal malpractice actions, in its Opposition IDC now seeks to create disputed material factual issues where there are none. IDC dedicates much of

its Opposition to the Rhode Island Supreme Court's decisions in the *America Condominium* cases and communications between IDC and the Third Party Defendants regarding the those cases. Yet, IDC cannot explain how those cases and communications bear on the issues presently before the Court. When IDC's opposition brief is stripped of these immaterial matters, all that remains is an undisputed factual record and a single, straightforward issue of law that is ripe for resolution on summary judgment: should IDC, exercising reasonable diligence, have discovered the Third Party Defendants' alleged legal malpractice more than three years before it filed the Third Party Complaint. The undisputed record and case law leads to the inescapable conclusion that the answer must be "yes."

**B. IDC's Reliance On *Rosen* Is Misplaced.**

The sole case upon which IDC relies to suggest there is a material factual issue in dispute, *Rosen Construction Ventures, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.*, 364 F.3d 399 (1st Cir. 2004), is inapposite. In *Rosen*, the client filed a legal malpractice action against its law firm based on an underlying breach of contract suit previously filed against a third party. *Id.* at 403-04. The *Rosen* court denied the defendant's motion for summary judgment after concluding that a factual question existed as to whether the client should reasonably have known there was a causal connection between its harm and the conduct of its attorneys. *Id.* at 405-07.

In the present case, IDC is the defendant in the underlying declaratory judgment action brought by Commonwealth. Commonwealth's allegations against IDC in the Complaint ***named the Third Party Defendants and described their alleged wrongdoing***. (*See* Complaint at ¶¶ 4, 5, 6, 7, 11 and Exs. A, B, F, G, Docket No. 1.) In response to these allegations, IDC ***admitted*** that More was IDC's "legal counsel" at the time of the complained of events and that it was aware (and had possession) of the documents upon which Commonwealth based its declaratory judgment claim. (*See* Answer at ¶¶ 4-7, 11, Docket No. 3). Moreover, IDC's contention that it could not have known about any legal malpractice claim against Third Party Defendants when it filed its Answer is

belied by the fact that its allegations in the Third Party Complaint mirror Commonwealth's in the Complaint. (*Compare* Complaint at ¶¶4-6, 11, *with* Third Party Complaint at ¶¶ 10-14.)Far from being a bar to the Third Party Defendants' motion, the analysis in *Rosen* ***supports*** the conclusion that the Court should grant summary judgment on IDC's claims against the Third Party Defendants.

### C. IDC Cannot Use The "Discovery Rule" To Avoid The Statute Of Limitations Bar.

As *Rosen* and other cases the Third Party Defendants cited in their opening brief demonstrate, a legal malpractice action accrues under the so-called "discovery rule" as soon as the client knows or reasonably should know that it suffered some harm caused by its attorneys' conduct. *Rosen*, 364 F.3d at 405 ("The critical inquiry here is when [client] *knew, or reasonably should have known*, that [attorneys'] alleged malpractice … was the cause of [client's] harm.") (emphasis added); *see also Feddersen v. Garvey*, 427 F.3d 108, 113 (1st Cir. 2005) ("[T]he discovery rule operates to toll the statute of limitations *only until the plaintiff could reasonably discern that he suffered some harm caused by the defendant's conduct*.") (emphasis added).

By September 28, 2001, when it filed its Answer and Counterclaims, IDC knew (1) that it was incurring legal expenses in defending against Commonwealth's claims; and (2) that the conduct of More and Edwards & Angell in procuring title insurance on its behalf was the basis for those claims. Therefore, by September 2001—more than four years before it filed its malpractice action—IDC knew more than enough to "reasonably discern" that it had a potential legal malpractice claim against the Third Party Defendants.

Also, contrary to IDC's contentions, the First Circuit has made clear, the discovery rule "is *not* intended to toll the statute of limitations until the full extent of the plaintiff's injury has manifested itself." *Feddersen*, 427 F.3d at 113 ("It does not matter that the plaintiff may not have understood the *full extent* of the harm that would result from the defendant's malpractice.") (emphasis added, internal quotation marks omitted).

**D. The "Continuing Representation" Doctrine Is Inapplicable.**

As an initial matter, the "continuing representation doctrine" is not codified in the Rhode Island statute of limitations for legal malpractice actions, nor have Rhode Island courts adopted it. *See* R.I. Gen. Laws § 9-1-14.3. In the only Rhode Island case IDC cites, *Richmond Square Capital Corp. v. Mittleman*, 689 A.2d 1067, 1068-69 (R.I. 1997), the court merely ***mentioned*** that the plaintiff had contended that the doctrine should be applied, but then, without ruling on or offering further comment on the doctrine, decided the case ***on other grounds***. Thus, IDC is asking the Court to divine how Rhode Island state courts would decide this issue and to extend existing Rhode Island law. *See Ryan v. Royal Ins. Co. of America*, 916 F.2d 731, 744 (1st Cir. 1990) (litigants in diversity actions should not expect federal courts to "stretch" state laws "to reach an unknown and unexplored frontier").

However, even if the continuing representation doctrine were recognized by Rhode Island courts, it is inapplicable in this case. The continuing representation doctrine, which is designed to protect a client's "innocent reliance" on an attorney, does not apply where the client ***actually knows*** it has suffered appreciable harm (*i.e.*, at least attorneys' fees) as the result of its attorneys' conduct. *Feddersen*, 427 F.3d at 114 (affirming grant of summary judgment in favor of legal malpractice defendants because, *inter alia*, plaintiff could not innocently rely on attorneys once plaintiff knew it was harmed as a result of attorneys' conduct). As discussed above, IDC was well aware, at least as early as September 2001 (when it filed its Answer), that it had been harmed by the alleged actions of the Third Party Defendants. IDC cannot now claim that it "innocently" relied on More and Edwards & Angell after that date.

Likewise, IDC does not dispute that the Third Party Defendants have never represented IDC in the present matter, nor does it provide facts that suggest that the Third Party Defendants told IDC that it would prevail in this action. Instead, the Declaration of Thomas Roos, the CEO of IDC, demonstrates only that: (1) Edwards & Angell continued to represent it on matters that were

***completely unrelated*** to the subject matter of this action (Affidavit of Thomas Roos ("Roos Aff.") at ¶¶ 4-6, 14, Docket No. 83); (2) the Third Party Defendants informed IDC that they believed IDC had the right to develop the property at issue in this case (without saying anything about acquiring title insurance) (*Id.* at ¶ 15; Affidavit of Counsel, Exs. E-F, Docket No. 82); and (3) IDC consulted More and Edwards & Angell on various matters relating to the property at issue in this litigation, but not to title insurance. (Roos Aff. at ¶ 19.) None of this changes the fact that, from the outset of this litigation, IDC had retained independent and able counsel who were aware, at least by September 2001, of Commonwealth's allegations regarding the Third Party Defendants' actions.

### E. IDC's Equitable Indemnification Claim Fails Because It Admits That It Is Not (And Cannot Be) Liable To Commonwealth.

In its Opposition, IDC argues that "it is prospectively liable to Commonwealth by reason of the alleged failure to disclose information." (Opp. at 10.) However, the outcome of this case cannot result in IDC paying Commonwealth any money or owing it any legal obligation; at most IDC will be unable to collect on the $12 million title insurance policy. Perhaps implicitly realizing its argument cannot succeed, IDC vaguely refers to the equitable nature of the remedy and states that the Third Party Defendants' suggestion that the Court apply the unambiguous law to this doctrine is "an unjustified attempt to impose a construction and limitation" on the remedy. (*See id.*) Nonetheless, IDC agrees that the legal basis for equitable indemnification requires that it be liable or potentially liable to Commonwealth. (*See id.*) (citing *R.I. Depositors Econ. Prot. Corp v. Hayes*, 64 F.3d 22, 26 (1st Cir. 1995). Because there can be no such liability to Commonwealth, the claim for equitable indemnification against the Third Party Defendants cannot survive as a matter of law.

## III. CONCLUSION

For the reasons set forth above and in their Motion for Summary Judgment, supporting Memorandum of Law and Statement of Undisputed Material Facts, Edwards Angell Palmer & Dodge LLP and Timothy More are entitled to summary judgment.

EDWARDS ANGELL PALMER &
DODGE LLP and TIMOTHY MORE

By their attorneys,

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
dsherman@eapdlaw.com

Harold Hestnes (admitted *pro hac vice*)
John G. Fabiano (admitted *pro hac vice*)
Benjamin M. Stern (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (fax)

Dated: July 19, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2007, a true copy of the foregoing was served electronically by means of the ECF filing system to:

Steven E. Snow, Esq.
ses@psh.com

Robert K. Taylor, Esq.
rkt@psh.com

Stephen F. Gordon, Esq.
sgordon@gordonhaley.com

Peter J. Haley, Esq.
haley@gordonhaley.com

W. Mark Russo, Esq.
mrusso@frlawri.com

Christopher M. Mulhearn, Esq.
cmulhearn@frlawri.com

John J. Fabiano, Esq.
john.fabiano@wilmerhale.com

Benjamin M. Stern, Esq.
benjamin.stern@wilmerhale.com

and mailed to the following counsel of record:

Harold Hestnes, Esq.
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109

/s/ Deming E. Sherman
Deming E. Sherman



PRV_896282_1.DOC/