**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>IDC PROPERTIES, INC.,<br><br>Defendant. | C.A. No. 01-400-T |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT TO CONFORM TO EVIDENCE**

Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth"), through counsel, submits the following memorandum in support of its oral motion to amend the Complaint to conform to the evidence made at the close of the trial of this matter on November 8, 2007. Commonwealth's motion was made in response to arguments raised for the first time by counsel for IDC Properties, Inc. ("IDC") during his closing argument to the effect that any declaratory relief ordered by the Court should be limited to title insurance coverage of IDC's development rights purportedly extended by the Fifth Amendment to the Goat Island South declaration of condominium. IDC counsel argued that the issue of whether there is coverage for any other rights is not properly before the court. Commonwealth disputes that its Complaint put only coverage for IDC's rights under the Fifth Amendment at issue: indeed, the Complaint clearly alleged and put IDC on notice of Commonwealth's position that adequate disclosure would have caused Commonwealth to decline coverage entirely.[1] Nevertheless, even if the allegations of the Complaint are read more narrowly, Commonwealth's motion to amend the

[1] Complaint ¶ 19 ("Had Insurer known or been notified of the material facts set forth in paragraph 11 of this Complaint, Insurer would not have issued the Owner's Title Insurance Policy to IDC.").

Complaint to conform to the evidence presented at trial should be granted. IDC plainly acquiesced to trial on the issue of whether the policy exclusions and other matters raised by Commonwealth defeat coverage for any property interests claimed by IDC.

**ARGUMENT**

Rule 15(b)(2) of the Federal Rules of Civil Procedure states:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

The rule "clearly states that the absence of a formal amendment or a request for leave to amend 'does not effect the result of the trial' of those issues actually litigated." Wright & Miller, *Federal Practice and Procedure*, Vol. 7, § 1493 at 15-16 (2d ed. 1990).

A significant element of Rule 15(b)(2) is that of "express or implied consent." "Any issues actually tried by express or implied consent at a hearing on the merits must be treated in all respects as if they were raised in the pleadings." *O'Brien v. Moriarty*, 489 F.2d 941, 943 (1st Cir. 1974) (finding that the court cannot dismiss the complaint on the pleadings alone if the hearing revealed a meritorious claim as its "mere omission from the complaint would not have allowed dismissal"). "Express consent may be given by stipulation, or may be incorporated in a pretrial order and rarely raises any serious fact questions." Wright & Miller, § 1493 at 19. Implied consent generally is found when evidence is introduced without objection, or when the party opposing the motion to amend actually produced evidence bearing on the new issue. *Id.* at 24 ("A party who knowingly acquiesces in the introduction of evidence relating to issues that are beyond the pleadings is in no position to contest a motion to conform"); *see George Cohen Sons & Co. v. Koch*, 376 F.2d 629 (1st Cir. 1967) (explaining that even if it was

the judge who opened an issue, it was of no consequence as appellee could have objected or sought a continuance to produce evidence if genuinely surprised).

Defendant provided both express and implied consent to the issues tried. Express consent was given in the pretrial memorandum, where IDC itself raised the scope of the unit owners challenges to the various amendments as an issue to be tried. *See* IDC Pretrial Memorandum at 1, 4, 10, 12-13, 18. Implied consent was given by IDC's conduct during the trial. Not only did IDC elicit evidence as to the whether there was a challenge to the Sixth Amendment, IDC did not object prior to or during the trial to any of Commonwealth's evidence on the grounds that it was outside the scope of the Complaint. IDC failed to object despite being on notice of Commonwealth's contention that the policy is void in its entirety. *See* Commonwealth Pretrial Memorandum at 8-9, 11, 14-15, 19, 21.

A motion to amend the pleadings to conform to the evidence is proper after the close of testimony. *See Murray v. Blatchford*, 307 F. Supp. 1038, 1043 n.7 (R.I. 1969) (explaining that the defense was in no way prejudiced by the amendment in that it was fully notified during trial and was permitted full scope to defend the additional claims of regulatory lawlessness.); Wright & Miller, § 1494 at 51-52. Because the issue of coverage for rights other than IDC's development rights under the Fifth Amendment was tried by consent, and Commonwealth moved timely to amend the Complaint to conform to the evidence, Commonwealth's motion should be granted.

COMMONWEALTH LAND TITLE INSURANCE COMPANY,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Steven E. Snow (#1774)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com
rkt@psh.com

DATED: November 15, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT TO CONFORM TO EVIDENCE was filed on November 15, 2007 with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following counsel of record:

Thomas C. Angelone, Esq. / Hodosh, Spinella & Angelone, PC
angelonelaw@aol.com

/s/ Robert K. Taylor

950966_1/6052-3